PEOPLE v NORWOOD

Opinion of the Court

1. CRIMINAL LAW—EVIDENCE—TRACKING DOGS.

Evidence relating to the use of a tracking dog is admissible in a criminal case.

2. CRIMINAL LAW—EVIDENCE—TRACKING DOGS—FOUNDATION—CONDITIONS FOR ADMISSIBILITY.

Four conditions must be met in laying a foundation for admission of tracking dog evidence: it is necessary to show (1) that the handler is qualified to handle the dog; (2) that the dog was trained and accurate in tracking humans; (3) that the dog was placed on the trail where circumstances indicate that the culprit was; and (4) that the trail had not become stale when the tracking occurred.

3. RAPE—EVIDENCE—TESTIMONY OF COMPLAINANT—CORROBORATION OF TESTIMONY.

The rule that a rape victim's testimony does not require corroboration is designed to permit a verdict to withstand a challenge to the sufficiency of the evidence in a case in which the only testimony against the defendant is that of the complainant.

4. APPEAL AND ERROR—EVIDENCE—ADMISSION OF TESTIMONY—HARMLESS ERROR.

The Court of Appeals, when considering whether the erroneous admission of testimony was harmless error, must determine if the finder of fact could not have reached another result beyond a reasonable doubt if it did not consider the erroneously admitted testimony.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur 2d, Evidence §§ 378, 379.
    30 Am Jur 2d, Evidence § 1146.
[3] 30 Am Jur 2d, Evidence § 1138.
    65 Am Jur 2d, Rape §§ 55, 94–99.
[4, 5] 29 Am Jur 2d, Evidence §§ 590, 597.

DISSENT BY N. J. KAUFMAN, J.

5. CRIMINAL LAW—EVIDENCE—ADMISSION OF TESTIMONY—HARMLESS
ERROR.

*The erroneous admission into evidence of testimony regarding use of a tracking dog was harmless error where the testimony was only incidental to the verdict, where the error was not intolerably offensive to the maintenance of a sound judicial process, where the trier of fact relied not on the improper evidence but on other substantial evidence against the defendant, and where defense counsel did not object to the admission of the challenged evidence when such an objection could have cured any alleged prejudice.*

Appeal from Recorder's Court of Detroit, Robert L. Evans, J. Submitted March 2, 1976, at Detroit. (Docket No. 21733.) Decided July 19, 1976. Leave to appeal denied, 397 Mich 884.

Carl Norwood was convicted of carnal knowledge of a female over the age of 16. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Raymond P. Walsh,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: D. E. HOLBROOK, JR., P. J., and McGREGOR and N. J. KAUFMAN, JJ.

D. E. HOLBROOK, JR., P. J. The defendant was convicted following a bench trial of carnal knowledge of a female over the age of 16. MCLA 750.520; MSA 28.788. He received a sentence of five to ten years in prison. Defendant appeals as of right.

The defendant's only issue on appeal concerns the admission of testimony relating to the use of a police tracking dog. The defendant recognizes that Michigan, in harmony with a majority of its sister states, has held that tracking dog evidence is admissible. *People v Harper,* 43 Mich App 500, 508; 204 NW2d 263 (1972), *lv den,* 389 Mich 759 (1973), see generally Anno: *Evidence of Trailing by Dogs in Criminal Cases,* 18 ALR3d 1221, 1225–1229. Instead of directly attacking the rule, the defendant challenges the foundation that the prosecutor laid for the admission of this evidence.

Before tracking dog evidence is admissible in Michigan four conditions precedent must be satisfied. *People v Harper, supra, accord, People v Centolella,* 61 Misc 2d 726, 727; 305 NYS2d 460, 462–463 (Cty Ct, 1969). First, it is necessary to show that the handler is qualified to handle the dog. *Accord, McDonald v State,* 145 Ark 581, 584; 224 SW 976, 977 (1920). Second, it must be shown that the dog was trained and *accurate* in tracking humans. *Moore v State,* 26 Ala App 607, 608; 164 So 761, 762 (1935), *Hinton v State,* 175 Miss 308, 315; 166 So 762, 764 (1936). Third, it is necessary to show that the dog was placed on the trail where circumstances indicate that the culprit was. *State v Netherton,* 133 Kan 685, 690–691; 3 P2d 495, 498 (1931), *State v Davis,* 154 La 295, 312; 97 So 449, 454–455 (1923), *State v Jordan,* 258 SC 340, 347; 188 SE2d 780, 784 (1972). Fourth, it is necessary to show that the trail had not become stale when the tracking occurred. *Accord, State v Brown,* 103 SC 437, 444; 88 SE 21, 23 (1916).

For a proper foundation to be laid, the prosecutor must establish that all four of the conditions are present to assure the evidence's reliability. In the present case three of the four elements are adequately established through testimony properly

admitted at trial. The handler testified about the training that he received in handling the dog. Other testimony indicated that the culprit had handled the knife from which the dog detected the tracking scent. This testimony also confirmed that the culprit had left the scene through the front door. Compare *Crosby v Moriarity,* 148 Minn 201, 205–206; 181 NW 199, 201 (1921). Finally, the entire transaction took place approximately one hour after the incident occurred. Compare *Cranford v State,* 130 Ark 101, 105; 197 SW 19, 20–21 (1917), *Bullock v Commonwealth,* 249 Ky 1, 4; 60 SW2d 108, 109; 94 ALR 407 (1933), with *People v Whitlock,* 183 App Div 482, 484; 171 NYS 109, 110; 36 NY Cr 524, 526 (1918).

The handler testified extensively to the dog's training. He also explained to the trial court the procedures that he followed to prepare the dog for a particular tracking assignment. However, no testimony was introduced to indicate the accuracy of the dog's tracking ability in a non-training situation. See, *e.g., People v Centolella, supra.* Furthermore, this is not a case where the dog should be allowed to validate his own reliability on the basis of this one tracking experience. *State v Rowland,* 263 NC 353, 359; 139 SE2d 661, 665; 18 ALR3d 1212 (1965). Because the dog became distracted by stray dogs approximately two houses from the defendant's house, the dog was unable to complete the tracking assignment by identifying the person that he was tracking. *State v Steely,* 327 Mo 16, 19; 33 SW2d 938, 940 (1930), *State v McLeod,* 196 NC 542, 545; 146 SE 409, 411 (1929). Compare *People v Harper, supra.*

Even though the admission of the evidence was erroneous, the prosecutor contends that the error must be considered harmless. GCR 1963, 529.1,

*People v Robinson,* 386 Mich 551, 562; 194 NW2d 709 (1972). He argues that the evidence relating to the tracking dog is mere surplusage in view of the trial court's findings of fact and the long standing rule in Michigan that a rape victim's testimony does not require corroboration. *People v Miller,* 96 Mich 119, 121; 55 NW 675 (1893), *People v Coffman,* 45 Mich App 480, 488; 206 NW2d 795 (1973), *lv den* 390 Mich 758 (1973). In making its findings of fact the trial court stated that "[t]his Court finds that the evidence connecting the defendant to such assault is the testimony of the complainant". It then added that it considered the testimony about the tracking dog as corroborative of the complainant's version of the incident.

When the prosecutor argues that we should affirm the defendant's conviction because the trial court stated that it was basing its decision on the complainant's testimony, the prosecutor misconstrues both the anti-corroboration rule and the harmless error rule. The purpose of the anti-corroboration rule is not to save verdicts in which inadmissible corroborating evidence is introduced. It is designed to permit a verdict to withstand a challenge to the sufficiency of the evidence in a case in which the only testimony against the defendant is that of the complainant. *People v Brocato,* 17 Mich App 277, 290; 169 NW2d 483 (1969).

In reviewing the case to determine if the complained-of error is harmless, the test is not whether there is sufficient evidence to sustain the defendant's conviction without the erroneously admitted evidence. The harmless error rule requires us to determine if the finder of fact could not have reached another result beyond a reasonable doubt if it did not consider the erroneously admitted

testimony.[1] *People v Swan,* 56 Mich App 22, 31; 223 NW2d 346 (1974), *People v Roberson,* 55 Mich App 413, 417; 222 NW2d 761 (1974).

In the present case we are not convinced beyond a reasonable doubt that the trial court would have convicted the defendant without the erroneously admitted evidence. The trial court, as we do, perceived the question of the defendant's guilt or innocence to be a close one. The trial court requested the improperly admitted evidence and adjourned the trial to receive it after the prosecutor and the defense counsel had agreed to waive the handler's testimony.[2]

Reversed and remanded.

McGregor, J., concurred.

N. J. Kaufman, J. *(dissenting).* I find it necessary to dissent from the well-written opinion of my colleague. The trial judge in his findings of fact stated[1]:

*"The Court:* Gentlemen, in this cause, the Court finds on March 18, 1974, on Lawton Street in the city of Detroit, the complainant, Patricia Gordon, was the victim of assault and a rape. This Court finds that the evidence connecting the defendant to such assault *is the testimony of the complainant,* her statement made prior to coming to court. I'm, in making this determination, gentlemen, *also using as corroboration* the conduct of the dog in tracking the defendant. I'm of the opinion

---

[1] We do not view an error in laying the proper foundation for the admission of evidence as so fundamental that it can never be said to be harmless. *People v Lenkevich,* 394 Mich 117, 123; 229 NW2d 298 (1975), *People v Robinson,* 386 Mich 551, 563; 194 NW2d 709 (1972), *People v Roberson,* 55 Mich App 413, 420, n 7; 222 NW2d 761 (1974).

[2] We do not intend our decision in this case to infer any criticism of the trial court for requesting the handler's testimony. Quite the contrary, we feel that the trial court should be commended for seeking to base its decision on all the available evidence.

[1] Michigan General Court Rules 1963, 517.1.

that is corroborative despite the fact that the dog didn't
go up to the person, that person of the defendant in this
case. I'm of the opinion that the dog wasn't lead around
the corner. *I am satisfied beyond a reasonable doubt,* I
find him guilty, * * * ." (Emphasis supplied.)

My reading of the trial judge's finding is that he
found defendant guilty beyond a reasonable doubt
based solely on the complainant's testimony. I
agree with the majority that the testimony con-
cerning the tracking dog was erroneously admit-
ted. However, the court's findings clearly show
that this testimony was incidental to the verdict.
Because the erroneous evidence was not intoler-
ably offensive to the maintenance of a sound judi-
cial process and because the court relied not on
the improper evidence but on the other, substan-
tial evidence against defendant, I find this error to
have been harmless. *People v Swan,* 56 Mich App
22; 223 NW2d 346 (1974). I find this especially so
in view of the fact that defense counsel did not
object to the admission of the challenged evidence
when such an objection could have cured any
alleged prejudice.