PEOPLE v COLEMAN

PEOPLE v TRICE

Docket Nos. 78-3341, 78-3355. Submitted May 7, 1980, at Lansing.—
Decided October 8, 1980. Leave to appeal applied for.

Defendants, Jerry Coleman and Anthony Trice, were convicted of armed robbery and felony-firearm in the Saginaw Circuit Court, Eugene Snow Huff, J. Defendants appeal, alleging that the trial court erred in allowing the admission of evidence obtained pursuant to a search warrant issued on the basis of unreliable tracking-dog information. *Held:*

In determining whether or not there is probable cause to issue a search warrant, the magistrate may consider only the information contained in the affidavit made before him. Tracking-dog evidence is admissible in a criminal case only with caution and cannot, standing alone, support a conviction. A finding of probable cause sufficient to justify issuance of a search warrant may rest upon evidence which may not be legally competent in a criminal trial because it is only the probability and not a prima facie showing of criminal activity that is the standard of probable cause. An affidavit supporting a search warrant may be based on hearsay information and need not reflect the direct personal observations of the affiant. However, in such cases, the magistrate must be informed of some of the underlying circumstances relied on by the person providing the information and some of the underlying circumstances from which the affiant concluded that the informant, whose identity was not disclosed, was credible or his information reliable. This test is applicable to tracking-dog evidence

REFERENCES FOR POINTS IN HEADNOTES

[1] 68 Am Jur 2d, Searches and Seizures §§ 63, 64.

[2] 30 Am Jur 2d, Evidence § 1146.
Evidence of trailing by dogs in criminal prosecution. 18 ALR3d 1221.

[3] 68 Am Jur 2d, Searches and Seizures § 69.

[4, 5] 68 Am Jur 2d, Searches and Seizures § 65.
Propriety of considering hearsay or other incompetent evidence in establishing probable cause for issuance of search warrant. 10 ALR3d 359.

supporting a search warrant. The affidavit was made by the deputy sheriff, who was the first officer on the scene. He reported that upon his arrival on the scene the complainant told him that his restaurant had just been robbed by two men and that the robbers had fled across the street and that one of the robbers fell down within 100 feet of the restaurant after the restaurant owner and one of his employees fired at the robbers. The affidavit further indicated that Officer Letts of the "K-9 Corps" and his tracking dog, Prince, arrived within 30 minutes of the robbery and were directed to the area where the robber had fallen, the robbers' tracks were in an area of ground that had no other fresh human tracks, Officer Letts and Prince, in about 13 minutes, tracked the footprints to an apartment, Prince's actions were observed by the officer making the affidavit, and the police officers, including the officer executing the affidavit, knocked on the door, waited, saw two persons standing by an open window inside the apartment, and, receiving no answer, forced open the door and arrested defendants. On that basis, the magistrate issued a warrant to search the apartment, and evidence linking defendants to the armed robbery was found therein. The affidavit was sufficient.

Affirmed.

1. SEARCHES AND SEIZURES — SEARCH WARRANTS — AFFIDAVITS — PROBABLE CAUSE — STATUTES.

A magistrate may consider only the information contained in the affidavit made before him in determining whether or not there is probable cause to issue a search warrant (MCL 780.653; MSA 28.1259[3]).

2. CRIMINAL LAW — EVIDENCE — TRACKING DOGS.

Tracking-dog evidence is admissible in a criminal case only with caution and cannot, standing alone, support a conviction.

3. SEARCHES AND SEIZURES — SEARCH WARRANTS — PROBABLE CAUSE — EVIDENCE.

A finding of probable cause sufficient to justify issuance of a search warrant may rest upon evidence which is not sufficient to justify conviction and which may not be legally competent in a criminal trial because it is only the probability and not a prima facie showing of criminal activity that is the standard of probable cause.

4. SEARCHES AND SEIZURES — SEARCH WARRANTS — PROBABLE CAUSE — AFFIDAVITS — HEARSAY EVIDENCE — TRACKING DOGS.

An affidavit supporting a search warrant may be based on hear-

say information and need not reflect the direct personal obser-
vations of the affiant; however, in such cases, the magistrate
must be informed of some of the underlying circumstances
relied on by the person providing the information to the affiant
and some of the underlying circumstances from which the
affiant concluded that the informant, whose identity was not
disclosed, was credible or his information reliable; this test is
applicable to tracking-dog evidence supporting a search war-
rant.

5. SEARCHES AND SEIZURES — SEARCH WARRANTS — PROBABLE CAUSE
    — INFORMANT'S TIP — CORROBORATION.

    Independent corroboration of an informant's tip, if disclosed in
    the affidavit, may serve to establish probable cause sufficient to
    support the issuance of a search warrant.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert L. Kaczma-
rek,* Prosecuting Attorney, and *Linda Berns
Wright,* Assistant Prosecuting Attorney, for the
people.

*R. Steven Whalen,* Assistant State Appellate
Defender, for defendants.

Before: CYNAR, P.J., and M. J. KELLY and T.
GILLESPIE,* JJ.

PER CURIAM. Defendants bring this appeal as of
right from their March 23, 1978, jury convictions
of armed robbery, MCL 750.529; MSA 28.797, and
possession of a firearm at the time of commission
or attempted commission of a felony, MCL
750.227b; MSA 28.424(2). Both defendants were
sentenced to consecutive prison terms of two years
on the felony-firearm charge and two to ten years
on the armed robbery charge.

Defendants raise one issue which merits discus-
sion. Defendants assert that the trial court erred

* Circuit judge, sitting on the Court of Appeals by assignment.

in refusing to suppress evidence obtained pursuant to a search warrant issued on the basis of unreliable tracking-dog information.

In determining whether or not there is probable cause to issue a search warrant, the magistrate can consider only the information contained in the affidavit made before him. MCL 780.653; MSA 28.1259(3); *Aguilar v Texas,* 378 US 108, 109, n 1; 84 S Ct 1509; 12 L Ed 2d 723 (1964). In the present case, the affidavit was made by Deputy Sheriff Marvin Rakowski, who was the first officer on the scene. He reported that upon his arrival on the scene the complainant told him that his restaurant had just been robbed by two men and that the robbers had fled across the street toward the Parkside Apartment complex. One of the robbers fell down within 100 feet of the restaurant after the restaurant owner and one of his employees fired at the robbers. The affidavit further indicated that Officer Letts of the "K-9 Corps" and his tracking dog, Prince, arrived within 30 minutes of the robbery and were directed to the area where the robber had fallen. The robbers' tracks were in an area of ground that had no other fresh human tracks. Officer Letts and Prince in about 13 minutes tracked the footprints to the Parkside apartment at 185 Parkside Court. Prince's actions were observed by the officer making the affidavit. The police officers, by this time five in number, including the officer executing the affidavit, knocked on the door, waited, saw two persons standing by an open window inside the apartment, and, receiving no answer, forced open the door and arrested defendants.[1] On the basis of the above information,

---

[1] The affidavit also indicated that after entering the apartment, and while arresting defendants, the affiant observed that defendant matched the description given by the complainant. Defendants argue that their arrest was without probable cause and thus that the

the magistrate issued a warrant to search the apartment, and evidence linking defendants to the armed robbery was found therein.

In Michigan, tracking-dog evidence is admitted at trial with caution and cannot, standing alone, support a conviction. *People v McPherson,* 85 Mich App 341; 271 NW2d 228 (1978). See also *People v Perryman,* 89 Mich App 516; 280 NW2d 579 (1979), *People v Norwood,* 70 Mich App 53, 55; 245 NW2d 170 (1976), Anno: *Evidence of trailing by dogs in criminal cases,* 18 ALR3d 1221. Strict foundational requirements must be established before such evidence is admitted at trial. *Norwood, supra.* However, "a finding of probable cause sufficient to justify issuance of a search warrant may rest upon evidence which is not sufficient to justify conviction and which may not be legally competent in a criminal trial because it is only the probability, and not a prima facie showing, of criminal activity that is the standard of probable cause". *People v Thomas,* 86 Mich App 752, 759; 273 NW2d 548 (1978), *lv den* 406 Mich 971 (1979). See also *Draper v United States,* 358 US 307, 311-312; 79 S Ct 329; 3 L Ed 2d 327 (1959). In *Draper, supra,* 313, the United States Supreme court explained the concept of probable cause as follows:

"'* * * Probable cause exists where 'the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy informa-

---

magistrate improperly considered the matching description information in deciding to issue the search warrant. However, if the information contained in the affidavit regarding events prior to the entry and arrest is sufficient to establish probable cause for the search warrant, then it also is sufficient to etablish probable cause for the arrest. In addition, the trial court held that without regard to any incidents of the arrest the affidavit established probable cause. See *Franks v Delaware,* 438 US 154; 98 S Ct 2674; 57 L Ed 2d 667 (1978), *United States v Grunsfeld,* 558 F2d 1231 (CA 6, 1977).

tion [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed. *Carroll v United States,* 267 US 132, 162." (Footnotes omitted.)

Furthermore, the Supreme Court, in *Spinelli v United States,* 393 US 410, 419; 89 S Ct 584; 21 L Ed 2d 637 (1969), in discussing the use of affidavits to establish probable cause, stated:

"* * * In holding as we have done, we do not retreat from the established propositions * * * that in judging probable cause issuing magistrates are not to be confined by niggardly limitations or by restrictions on the use of their common sense, *United States v Ventresca,* 380 US 102, 108 (1965); and that their determination of probable cause should be paid great deference by reviewing courts, *Jones v United States,* 362 US 257, 270-271 (1960)."

In *Aguilar, supra,* 109, the affidavit in support of the application for a search warrant indicated only that the affiant had received "reliable information from a credible person" regarding the crime. The Supreme Court set up a two-pronged test. First, although an affidavit may be based on hearsay information, rather than on the direct personal observations of the affiant, the magistrate must be informed of some of the underlying circumstances from which the informant made his conclusions. Second, the affidavit must also recite some of the underlying circumstances from which the affiant concluded that the informant was credible or his information reliable.

While a tracking dog is not, strictly speaking, an "informant", nonetheless the *Aguilar* test appears well-suited to assist a magistrate to determine the

factual sufficiency of the affidavit supporting the request for such a search warrant.

There is little question in the present case regarding the sufficiency of the underlying circumstances which led Prince to the Parkside Apartments.[2]

Regarding the second prong of the *Aguilar* test, the only information in the affidavit regarding Prince's credibility is that indicating that Prince was the tracking dog assigned to Officer Letts of the police department's K-9 Corps. The trial court concluded that this information indicated that Prince had the "qualifications to be a tracking dog". This Court agrees and finds that the information establishing Prince's credibility in the present case, though sketchy, was more substantial than the affidavit information regarding the informant's credibility in *Aguilar.*

Furthermore, in *Spinelli, supra,* 415-416, the Supreme Court stated that corroboration of an informant's tip can serve to establish probable cause even if the two parts of the *Aguilar* test are not satisfied completely. The other information contained in the affidavit in the present case corroborates the information supplied by Prince that the robbers were in an apartment at 185 Parkside Court. That information and the sequence of events recited is sufficient corroboration to lead to a conclusion that the affidavit in the present case did establish probable cause for the magistrate's issuance of the warrant. Defendants' motion to suppress evidence was properly denied.

Affirmed.

---

[2] The *Spinelli* Court indicated that this first prong of the *Aguilar* test, the manner in which the information was gathered, is perhaps more important than the second prong.