## PEOPLE v LASENBY

Docket No. 50848. Submitted February 10, 1981, at Detroit.—Decided May 27, 1981.

Donald E. Lasenby, Jr., was convicted of assault with intent to rob being armed but was acquitted of possession of a firearm during the commission of a felony, Detroit Recorder's Court, Robert L. Evans, J. He appeals, alleging that the jury returned inconsistent verdicts, that the prosecutor's comments during closing argument were prejudicial and the failure of defense counsel to object to the remarks denied him effective assistance of counsel, and that the prosecutor improperly argued during closing argument that certain facts and issues were either uncontested, conceded, or admitted. *Held:*

1. A jury is not held to any rules of logic nor is it required to explain its decision. It may release a defendant from some of the consequences of his act without absolving him of all responsibility. However, the record reveals that evidence was presented from which the jury in this case could infer that the defendant was armed with a dangerous weapon other than a firearm during the robbery attempt.

2. Defense counsel's failure to object to the prosecutor's remarks precludes appellate review, the failure not having denied the defendant a fair trial or resulted in a serious mistake the absence of which would have resulted in the defendant's acquittal. The prosecutor's remarks did not inject

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial § 319.

76 Am Jur 2d, Trial § 1158.

[2] 5 Am Jur 2d, Appeal and Error § 624.

[3] 75 Am Jur 2d, Trial §§ 225-227.

[4] 5 Am Jur 2d, Appeal and Error § 778.

21A Am Jur 2d, Criminal Law §§ 751, 986.

Modern status of rules and standards in state courts as to adequacy of defense counsel's representation of criminal client. 2 ALR4th 27.

Adequacy of defense counsel's representation of criminal client regarding argument. 6 ALR4th 16.

[5] 75 Am Jur 2d, Trial § 241.

issues broader than the defendant's guilt into the trial, nor did they appeal to the jurors' civic duty. Any remarks relative to the jury's "duty" were not so prejudicial as to have been incurable by a cautionary instruction.

3. The prosecutor's comments regarding uncontested testimony were proper, and any reference to conceded facts was not so prejudicial as to mandate reversal, the trial court having sustained the defendant's objection thereto and affirmatively cautioned the jury that nothing was to be considered to have been conceded.

Affirmed.

1. CRIMINAL LAW — JURY — INCONSISTENT VERDICTS — ASSAULT — FELONY-FIREARM — STATUTES.

A jury is the sole judge of all the facts in a case; it can choose, without any apparently logical basis, what to believe or disbelieve; it may release a defendant from some of the consequences of his actions without absolving him of all responsibility, and a verdict of guilty of assault with intent to rob being armed is not inconsistent with a verdict of not guilty of possession of a firearm during the commission of a felony rendered in the same case where the evidence which was presented to the jury could enable the jurors to decide that the defendant used a dangerous weapon other than a firearm during the assault (MCL 750.89, 750.227b; MSA 28.284, 28.424[2]).

2. APPEAL — CRIMINAL LAW — PRESERVING QUESTION.

Failure to raise an objection to remarks made by a prosecutor during closing argument precludes appellate review unless the prejudicial effect of the remarks was so great as to be incapable of cure by a timely cautionary instruction.

3. PROSECUTING ATTORNEYS — JURY — IMPROPER ARGUMENT.

An appeal by a prosecutor during closing argument to the jurors' civic duty or social fears may constitute error requiring reversal because it injects into the trial issues broader than the particular defendant's guilt or innocence and encourages the jurors to suspend their own powers of judgment.

4. CRIMINAL LAW — EFFECTIVE ASSISTANCE OF COUNSEL.

A criminal defendant's allegation that he was denied effective assistance of counsel because of his attorney's failure to raise an objection during trial does not constitute grounds for reversal where the absence of such failure would not have resulted in the defendant's acquittal.

5. CRIMINAL LAW — PROSECUTING ATTORNEYS — PROSECUTORIAL COM-
    MENTS.

 Statements by a prosecutor that certain evidence is uncontra-
    dicted are permissible and do not amount to comments regard-
    ing a defendant's failure to testify.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*Mark R. Hall,* for defendant on appeal.

Before: M. J. KELLY, P.J., and V. J. BRENNAN and T. M. BURNS, JJ.

PER CURIAM. The defendant was charged with armed robbery in violation of MCL 750.529; MSA 28.797 and possession of a firearm during the commission of a felony in violation of MCL 750.227b; MSA 28.424(2). A jury convicted the defendant of the lesser-included offense of assault with intent to rob being armed, MCL 750.89; MSA 28.284, and found him not guilty of the felony-firearm charge. The defendant was sentenced to a term of from four to seven years in prison. The defendant appeals as a matter of right.

The complainant testified that on January 27, 1979, at 1 a.m., he was washing his car at a car wash when the defendant drove up in a burgundy Volare behind the car wash stall which the complainant was using and stated "give me your money or I'll kill you". The complainant stated that he didn't pay much attention to the defendant until the defendant again threatened him. The complainant testified that he then turned a water sprayer which he was using toward the

defendant. At some point during the incident, the complainant called to his friend, Joe Boyd, who was washing his car in a nearby stall, for assistance. Mr. Boyd testified that he went to the stall where the complainant was and picked up a water sprayer and started spraying the defendant. The complainant stated that the defendant pulled out a gun and pointed it at the complainant. The complainant's testimony as to when the defendant produced a weapon was confusing. The complainant stated that the defendant pulled a gun from his waistband as he was getting out of his vehicle. Complainant also indicated that defendant pointed a gun out of the vehicle's window. Mr. Boyd stated that defendant had something in his hands but that he could not see what the object was.

The complainant indicated that after he saw the gun he started running. Mr. Boyd also ran out of the car wash with him. After they had run across the street, the complainant realized that he had left his keys in his automobile. The complainant stated that he heard his car door slam and the engine start. The complainant saw his car being driven out of the car wash and onto Seven Mile Road. The complainant and Mr. Boyd ran back to the car wash, jumped into Mr. Boyd's automobile and followed the complainant's car down Seven Mile. At the corner of Seven Mile and Evergreen, the complainant's car was involved in an accident. The defendant, who was driving the complainant's car, ran away from the scene of the accident. Shortly thereafter, the defendant returned to the scene of the accident where Boyd and the complainant grabbed the defendant and searched him. The complainant stated that, although no gun was found in the defendant's possession, a knife was found. No gun was found by the police officers

investigating the alleged crime and none was produced at trial.

On appeal, defendant raises three issues. First, defendant contends that the jury's verdicts of guilty of assault with intent to rob being armed and not guilty of possession of a firearm during the commission of a felony are inconsistent and therefore require reversal. This issue recently has been decided contrary to defendant's contention. *People v Vaughn,* 409 Mich 463; 295 NW2d 354 (1980). In *Vaughn,* where the jury returned verdicts of guilty of felonious assault and not guilty of a felony-firearm charge, the Supreme Court, in reversing the Court of Appeals decision to vacate the defendant's conviction, stated:

"Our Court has recognized the role of the jury in a criminal trial. 'Because the jury is the sole judge of *all* the facts, it can choose, without any apparent logical basis, what to believe and what to disbelieve. What may appeal to the judge as "undisputed" need not be believed by a jury.' *People v Chamblis,* 395 Mich 408, 420; 236 NW2d 473 (1975).

"Juries are not held to any rules of logic nor are they required to explain their decisions. The ability to convict or acquit another individual of a crime is a grave responsibility and an awesome power. An element of this power is the jury's capacity for leniency. Since we are unable to know just how the jurors reached their conclusion, whether the result of compassion or compromise, it is unrealistic to believe that a jury would intend that an acquittal on one count and conviction on another would serve as the reason for defendant's release. These considerations change when a case is tried by a judge sitting without a jury. But we feel that the mercy-dispensing power of the jury may serve to release a defendant from some of the consequences of his act without absolving him of all responsibility." *Id.,* 466.

In accordance with the Court's holding in

*Vaughn, supra,* the defendant's conviction should not be vacated on the basis of inconsistent verdicts. Furthermore, the facts of the instant case indicate that a rational explanation for the jury's verdicts exists. While the jury could have believed that defendant was not armed with the handgun and acquitted the defendant of the felony-firearm charge, the jury also could have believed that defendant was armed with a weapon when he assaulted the complainant and stole the car. Testimony at trial indicated that a knife was found in the defendant's possession when he was searched. Thus, the jury could have decided that a dangerous weapon other than a firearm was used by defendant.

Secondly, defendant argues that the prosecutor improperly and prejudicially argued that the jury had a "duty" to find the defendant guilty. We are not so persuaded. We first note that the defendant's counsel did not object to the prosecutor's statement during trial. It is well settled that the absence of objection during trial precludes appellate review of alleged prejudicial remarks by a prosecutor in closing argument, unless the prejudicial effect was so great that it could not have been cured by a timely cautionary instruction. *People v Rojem,* 99 Mich App 452, 459; 297 NW2d 698 (1980), *People v Tenbrink,* 93 Mich App 326, 332; 287 NW2d 223 (1979), *People v Blassingame,* 59 Mich App 327, 335; 229 NW2d 438 (1975).

In some cases, a prosecutor's appeal to the civil duty or social fears of the jurors has been held to constitute error requiring reversal. See *People v Biondo,* 76 Mich App 155; 256 NW2d 60 (1977), *lv den* 402 Mich 835 (1977), *People v Gloria Williams,* 65 Mich App 753; 238 NW2d 186 (1975), *People v Humphreys,* 24 Mich App 411; 180 NW2d 328

(1970). In general, "civic duty" arguments are condemned because they inject into the trial issues broader than a particular defendant's guilt or innocence of the charges and encourage the jurors to suspend their own powers of judgment. For example, in *Biondo, supra,* this Court ruled that the prosecutor's attempt to cajole the jury into believing that a guilty verdict would be a substantial act toward saving Detroit from financial ruin was prejudicial and not relevant to the guilt or innocence of the defendant. See *People v Edward Villarreal,* 100 Mich App 379; 298 NW2d 738 (1980). Additionally, it has been held that the prosecutor may not change subtly a presumption of innocence to a presumption of guilt by appealing to the jurors to perform a civic duty to support the police. *People v Farrar,* 36 Mich App 294; 193 NW2d 363 (1971).

In the present case, it cannot be said that the prosecutor's remarks were so prejudicial that they could not have been cured by a cautionary instruction. There was no appeal to support the police or to save the city from crime. The prosecutor's remarks did not inject into the trial broader issues than guilt. *People v Rone (On Remand),* 101 Mich App 811, 825; 300 NW2d 705 (1980). The defendant apparently recognizes the weakness of his argument since he attacks the statement from the approach that defense counsel's failure to object denied him effective assistance of counsel. This tactic must also fail in that defense counsel's failure to object cannot be said to have denied defendant a fair trial or resulted in a serious mistake, the absence of which would have resulted in defendant's acquittal. See *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976), *People v Degraffenreid,* 19 Mich App 702; 173 NW2d 317 (1969).

Lastly, defendant contends that the prosecutor erroneously argued in the closing argument that certain facts and issues were either uncontested, conceded, or admitted. On this record, we are not persuaded that such remarks mandate reversal.

It should be noted first that a prosecutor's statement that certain evidence is uncontradicted has been upheld on numerous occasions. *People v LeRoy Morgan,* 24 Mich App 660; 180 NW2d 842 (1970), *People v Jacoboni,* 34 Mich App 84; 190 NW2d 720 (1971), *lv den* 385 Mich 789 (1971), *People v Balog,* 56 Mich App 624; 224 NW2d 725 (1974), *People v Rodriguez,* 83 Mich App 606; 269 NW2d 199 (1978). Additionally, these cases have held that such prosecutorial remarks are not comments on the failure of the defendant to testify. Thus, the prosecutor's statement regarding the uncontested testimony that defendant had a gun was proper.

Further, assuming that the prosecution erred by making reference to "conceded" facts, we are not persuaded that the effect was so prejudicial as to mandate reversal. The trial court sustained defendant's objection to "conceded" facts and also affirmatively cautioned the jury that nothing was to be considered conceded. Therefore, we find no error requiring reversal.

Defendant's conviction is affirmed.