PEOPLE v PERKINS

Docket No. 52058. Submitted November 5, 1981, at Grand Rapids.—
    Decided April 13, 1982.

Phil S. Perkins was convicted of first-degree criminal sexual
    conduct and armed robbery following a jury trial in Calhoun
    Circuit Court, Stanley Everett, J. At trial, defendant's defense
    was that he did not commit the alleged acts and that complain-
    ant and her husband were framing defendant in retaliation for
    defendant's nonpayment of a debt owed to complainant and her
    husband arising out of a drug transaction. Defendant testified
    in detail about the alleged drug transaction and debt. Com-
    plainant testified that she had no knowledge of any drug
    transactions between her husband and defendant and that her
    husband had not been engaged in drug activities for some time.
    Complainant's husband testified that defendant owed him some
    money but denied that the debt arose out of a drug transaction.
    Defendant sought to admit testimony concerning more recent
    drug activities by complainant's husband to rebut the impres-
    sion that complainant's husband was no longer in the drug
    business. The trial court refused to allow admission of this
    testimony. Complainant's husband was allowed to bolster com-
    plainant's testimony. During closing arguments the prosecutor
    made certain remarks which are alleged to constitute vouching
    and which amounted to an appeal to the jury that their civic
    duty required them to convict defendant. Defendant appeals.
    *Held:*

        1. The trial court properly refused to admit the testimony
    concerning the alleged recent drug transactions by complain-

References for Points in Headnotes

[1] 81 Am Jur 2d, Witnesses §§ 547-562, 663.
[4, 7] 4 Am Jur 2d, Appeal and Error § 541.
    5 Am Jur 2d, Appeal and Error § 624 *et seq.,* 723.
[4, 6, 7] 81 Am Jur 2d, Witnesses § 604 *et seq.,* 630, 631.
    Propriety, and prejudicial effect of, comments by counsel vouching
        for credibility of witness. 81 ALR2d 12.40.
[5] 29 Am Jur 2d, Evidence § 327.
    81 Am Jur 2d, Witnesses §§ 518, 591.
[7] 75 Am Jur 2d, Trial § 682.

ant's husband. While extrinsic evidence may be used to show a witness's bias or prejudice, the inference sought to be drawn from the proffered evidence was tenous relative to the question of bias or prejudice and defendant was otherwise offered sufficient opportunity to demonstrate the alleged motive of the complainant and her husband to testify falsely. The trial court did not abuse its discretion in refusing to allow defendant to present evidence on the question of any more recent drug transactions by complainant's husband.

2. Since there was no allegation of recent fabrication, the testimony by complainant's husband that complainant's story had not varied from the time of the incident was inadmissible bolstering.

3. The allowance of the bolstering testimony, when coupled with the implied vouching for the credibility of the complainant by the prosecutor and the prosecutor's appeal to the civicmindedness of the jury, constituted reversible error even in the absence at trial of an objection and request for a cautionary instruction.

Reversed and remanded.

BASHARA, J., dissented. He would hold that while the bolstering testimony should not have been admitted, the admission of such evidence was harmless error. He would further hold that the closing arguments of the prosecutor, if error at all, could have been cured with a cautionary instruction had a proper objection and request been made before the trial court. He would affirm.

## OPINION OF THE COURT

1. WITNESSES — EVIDENCE — BIAS.

A witness's bias or prejudice generally may be shown by extrinsic evidence, since particular conduct and circumstances form the only means practically available for effectively demonstrating the existence of bias.

2. WITNESSES — EVIDENCE — BIAS.

A trial court has wide discretion in determining how far afield inquiry as to possible prejudice or bias of a witness should go.

3. WITNESSES — EVIDENCE — BIAS.

A trial court does not abuse its discretion in excluding testimony concerning collateral matters being offered to establish bias where the inference to be drawn from the excluded evidence is tenuous and there was ample opportunity to establish the alleged bias by other means.

4. CRIMINAL LAW — EVIDENCE — PRIOR CONSISTENT STATEMENTS — APPEAL.

It is error to allow the bolstering of a complainant's testimony by showing that it is consistent with prior statements where there is no allegation of recent fabrication; such bolstering, when coupled with a prosecutor's closing argument which implied prosecutorial vouching for the credibility of the complainant, mandates reversal even in the absence of an objection before the trial court.

DISSENT BY BASHARA, J.

5. WITNESSES — EVIDENCE — IMPEACHMENT — RULES OF EVIDENCE.

*The rules of evidence do not allow the admission of extrinsic evidence of specific instances of conduct to attack the credibility of a witness (MRE 608[b]).*

6. CRIMINAL LAW — EVIDENCE — PRIOR CONSISTENT STATEMENTS.

*The admission of testimony bolstering a complainant's testimony by showing that it is consistent with prior statements does not constitute reversible error where such bolstering testimony would have little effect upon the determination of the credibility of the complainant's testimony.*

7. CRIMINAL LAW — PROSECUTOR'S COMMENTS — APPEAL.

*Appellate review of a claim concerning a prosecutor's closing arguments will not be undertaken in the absence of an objection at trial where any prejudice flowing from such argument could have been cured by a cautionary instruction and the failure to consider the claim will not result in a miscarriage of justice.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Conrad J. Sindt,* Prosecuting Attorney, and *Gerald L. Charland,* Assistant Prosecuting Attorney, for the people.

*Nora J. Pasman* and *John Nussbaumer,* Assistant State Appellate Defenders, for defendant on appeal.

Before: R. B. BURNS, P.J., and BASHARA and M. R. KNOBLOCK,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Defendant was convicted by a jury of first-degree criminal sexual conduct, sexual penetration while armed with a dangerous weapon, MCL 750.520(b)(1)(e); MSA 28.788(2)(1)(e), and armed robbery, MCL 750.529; MSA 28.797. He appeals and we reverse.

The complainant in this case testified that she and her husband had known defendant for four or five years. On October 9, 1979, at approximately 11 p.m., the complainant answered a knock at the door and found defendant, who said he had come to talk about a debt he owed complainant's husband. The complainant's husband was not at home, and she invited defendant in while she wrote down her husband's phone number. As defendant was about to leave, he pulled out a knife, put it to the complainant's throat, and subsequently forced her to perform a sexual act. Defendant also took some cash from the complainant's purse. The entire episode took place in approximately 15 minutes.

In his opening statement, defense counsel told the jury that the complainant and her husband were framing defendant in retaliation for defendant's nonpayment of a debt owed complainant and her husband arising out of a drug transaction between them. Defendant, testifying in his own behalf, explained to the jury how he had been lured to the complainant's home on the night in question.

Defendant was allowed to testify in detail concerning the drug transaction which resulted in the debt owed complainant and her husband and also testified that complainant's husband had been very persistent in attempting to collect the debt right up until the time of the alleged incident. Another witness testified that he was present during the

alleged drug transaction and was allowed to relate those details which he could recall.

On cross-examination, complainant testified that she had no knowledge of any drug transactions between her husband and defendant and also stated that her husband had not engaged in drug activities for quite some time. Complainant's husband testified that defendant did owe him some money, but that he could not recall how much or what the debt was for, and denied that he was involved in a drug transaction with defendant.

Defendant contends that the trial court improperly disallowed testimony concerning more recent drug activities on the part of complainant's husband, which allowed the complainant's husband to portray himself as completely out of the drug business, creating an impression that he was no longer interested in collecting a drug-related debt. The proffered testimony was intended to support defendant's contention that the complainant had a motive for testifying falsely. As a general principle, a witness's bias or prejudice may be shown by extrinsic evidence, since "particular conduct and circumstances form the only means practically available for effectively demonstrating the existence of bias". 3A Wigmore, Evidence (Chadbourn Rev), § 948, p 784. There is no conflict between this rule and MRE 608(b). See, *e.g., United States v Opager,* 589 F2d 799, 801 (CA 5, 1979).

There seems little question that, since the case against defendant consisted almost entirely of complainant's testimony, any possibility of the existence of a motive for testifying falsely should be presented to the jury. Of course, the trial court has wide discretion in determining how far afield the inquiry should go, and "has the responsibility for seeing that the sideshow does not take over the circus". McCormick, Evidence (2d ed), § 41, p 81.

The inference defendant sought to establish by the excluded evidence was highly tenuous, and we believe that defendant was afforded sufficient opportunity to demonstrate the possibility that the prosecution's chief witnesses may have had a motive for testifying falsely. There was no abuse of discretion by the trial court in excluding testimony concerning other drug activities of the complainant's husband.

In his next issue, defendant would lead one to believe that at least four witnesses were allowed to repeat statements made by the complainant in an effort to show that she consistently told the same story. We find that complainant's husband was the only witness to testify to the substance of a statement made by complainant. Nonetheless, the testimony of complainant's husband was not admissible to prove the truth of defendant's guilt, and in the absence of a defense claim of recent fabrication, it was inadmissible to bolster the credibility of the complainant by showing that her story had not varied from the time of the incident. *People v Therrien,* 97 Mich App 633; 296 NW2d 8 (1979).

The error of admitting the bolstering testimony was compounded by the prosecutor's argument to the jury. While addressing the jury, the prosecutor implied that he was personally vouching for the credibility of the complainant, and improperly interjected extraneous matters in the case by attempting to appeal to the civic-mindedness of the jury.

Defense counsel's failure to object is only one factor to consider. With our assessment of the efficacy of a cautionary instruction, under the circumstances here, the absence of an objection is not fatal, and further the error cannot be considered harmless. *People v Wright (On Remand),* 99 Mich App 801; 298 NW2d 857 (1980).

Reversed and remanded for a new trial.

Bashara, J. *(dissenting).* I must respectfully dissent from the majority opinion.

While I agree that the trial court properly excluded extrinsic evidence of alleged current drug dealing on the part of complainant's husband, I do not agree with the majority that such evidence would have been proper to show bias. Testimonial evidence of current drug dealing offered in response to denial of such dealing would not be relevant to bias based on an old drug-related debt. Such evidence would only be relevant to determine credibility. Thus, the evidence was properly excluded under MRE 608(b), which does not allow admission of extrinsic evidence of specific instances of conduct to attack the credibility of a witness.

I agree that the testimony of complainant's husband as to the substance of the statement made by complainant was admitted in error. However, I do not conclude that that testimony, in conjunction with the prosecutor's remarks to the jury, resulted in reversible error. The jury witnessed complainant-wife's testimony as to her statement. If her testimony was perceived as credible, the husband's hearsay testimony had little effect. If the jury tended to disbelieve complainant, the husband's testimony would have presented a further example of defendant's theory that husband and wife had fabricated the charges to get even with defendant.

Defendant's contention that certain remarks by the prosecutor amounted to reversible error is without merit. First, these claims were not preserved for review in that no objection was made to them at trial. The remarks were not so prejudicial that they could not have been cured by a cautionary instruction. *People v Rojem,* 99 Mich App 452; 297 NW2d 698 (1980), *People v Lasenby,* 107 Mich

App 462, 468; 309 NW2d 572 (1981). Failure to consider the issue would not have resulted in a miscarriage of justice. *People v Chaplin,* 102 Mich App 748, 753; 302 NW2d 569 (1980), *rev'd on other grounds* 412 Mich 219; 313 NW2d 899 (1981). See also *People v Duncan,* 402 Mich 1, 15-16; 260 NW2d 58 (1977).

Consideration of the remarks reveals harmless error at best. When evaluated in the light of the relationship it bears to the evidence admitted at trial, the prosecutor's statement, which defendant claims vouches for the credibility of complainant, becomes little more than an attempt to argue guilt based on the evidence to be adduced at trial. See *People v Cowell,* 44 Mich App 623; 205 NW2d 600 (1973), *People v Erb,* 48 Mich App 622; 211 NW2d 51 (1973). A prosecutor "is free to argue that the evidence shows that the defendant is guilty * * * and he has not only the right but the duty to vigorously argue the people's case". *People v Cowell, supra,* 628-629.

Similarly, I am not persuaded that the allowance of the remarks defendant claims appealed to the civic duty of the jury constituted error. The complained-of remarks did not inject into the trial broader issues than guilt, nor was there an appeal to save the city from crime. *People v Lasenby, supra,* 468. The remarks simply do not approach the level of expression found prejudicial in *People v Wright (On Remand),* 99 Mich App 801, 808-809; 298 NW2d 857 (1980), *lv den* 410 Mich 854 (1980).

Even when considered together, the admission of the husband's hearsay testimony and the prosecutor's remarks amount to nothing more than harmless error under the standard articulated in *People v Wright, supra,* 810-811.

I would affirm defendant's conviction.