PEOPLE v HARRIS

Docket No. 63590. Submitted May 3, 1983, at Grand Rapids.—Decided
April 16, 1984.

Roger L. Harris was convicted of first-degree criminal sexual
conduct following a jury trial in Ionia Circuit Court, Charles W.
Simon, Jr., J. Defendant appealed as of right. Defendant moved
to have the matter remanded to the trial court for the purpose
of filing with the trial court a motion for a new trial on the
basis that the verdict was against the great weight of the
evidence. The Court of Appeals granted the motion, remanding

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 75 Am Jur 2d, Trial § 876 et seq.
[3] 6 Am Jur 2d, Assault and Battery § 57.
   65 Am Jur 2d, Rape §§ 20, 110.
   70 Am Jur 2d, Sodomy §§ 11, 14.
   What constitutes offense of "sexual battery." 87 ALR3d 1250.
[4] 21 Am Jur 2d, Criminal Law §§ 378, 389.
   47 Am Jur 2d, Jury § 276.
   77 Am Jur 2d, Venue §§ 59, 60.
   Pretrial publicity in criminal case as ground for change of venue. 33
     ALR3d 17.
[5] 21 Am Jur 2d, Criminal Law § 418.
   73 Am Jur 2d, Statutes § 347 et seq.
[6] 21A Am Jur 2d, Criminal Law § 830.
   58 Am Jur 2d, Obstructing Justice § 7.5.
   62 Am Jur 2d, Pretrial Conference and Procedure § 19.
   63A Am Jur 2d, Prosecuting Attorneys § 27.
[7] 5 Am Jur 2d, Appeal and Error § 778.
   21A Am Jur 2d, Criminal Law § 910 et seq.
[8] 5 Am Jur 2d, Appeal and Error § 624.
   75 Am Jur 2d, Trial § 317.
[9] 29 Am Jur 2d, Evidence § 327.
[10] 29 Am Jur 2d, Evidence §§ 344, 347.
[11] 75 Am Jur 2d, Trial § 1030.
[12] 21A Am Jur 2d, Criminal Law § 985.
   Modern status of rules and standards in state courts as to adequacy
     of defense counsel's representation of criminal client. 2 ALR4th
     27.

to the trial court for the limited purpose of a motion for a new trial and retaining jurisdiction. The trial court denied the motion for new trial. *Held:*

1. The trial court did err in refusing to instruct the jury as requested as to felonious assault. Felonious assault is not a cognate lesser included offense of first-degree criminal sexual conduct even where, as here, the basis for the charge was sexual penetration committed while armed with a weapon, since the two offenses do not share elements which relate to a common statutory purpose.

2. The trial court properly denied the motion for a change of venue, since each juror indicated that he or she could render a fair verdict on the evidence presented in court and each juror indicated that he or she had not heard anything about this particular case.

3. Defendant was not prejudiced by the delay in the holding of his preliminary examination.

4. No error mandating reversal resulted from the prosecution's failure to supply a copy of the police report prior to or during trial since no requests for such a report were made during the trial.

5. Defendant was not denied his right to be present at all critical stages of the proceedings by reason of the brief conference between counsel and the trial judge.

6. Defendant has failed to properly preserve for appellate review the question of prosecutorial misconduct relative to questions asked or arguments made by the prosecutor during the trial.

7. The trial court applied the proper standard in its consideration of defendant's motion for a directed verdict and did not abuse its discretion in denying the motion for a new trial.

8. The trial court did not abuse its discretion by determining that defendant could be impeached by means of evidence of defendant's prior felony conviction.

9. The trial court properly refused to permit testimony as to defendant's truth and veracity, a proper foundation not having been shown.

10. The trial court properly denied the jury's request to hear the tape recording of defendant's testimony, since those tape recordings were not part of the official record but were made merely as a back-up for the court reporter.

11. The record fails to establish that defendant was denied effective assistance of counsel.

Affirmed.

1. Criminal Law — Jury Instructions — Lesser Included Offenses.

It is error for a trial court to refuse to give a requested jury instruction as to a cognate lesser included offense if evidence has been presented which would support a conviction of the lesser offense.

2. Criminal Law — Lesser Included Offenses — Cognate Offenses.

Cognate lesser included offenses are those offenses which share overlapping elements with the greater offense and where elements have a common statutory purpose with the elements of the greater offense but which have one or more elements which are not shared in common with the greater offense.

3. Criminal Law — Lesser Included Offenses — Cognate Offenses — Criminal Sexual Conduct — Felonious Assault.

Felonious assault is not a cognate lesser included offense of first-degree criminal sexual conduct.

4. Venue — Criminal Law — Change of Venue.

Denial of a motion for a change of venue is proper where each juror denied hearing anything about the particular case and stated that he or she could render a fair verdict based solely upon the evidence presented in court.

5. Criminal Law — Preliminary Examinations — Delay.

Strict enforcement of the statute requiring that the preliminary examination must be held within 12 days of the date of arraignment is to be given prospective application from May 25, 1982; as to cases arising before that date, reversal on the basis that a defendant was not brought for preliminary examination in a timely fashion will be granted only upon a showing of prejudice by the delay (MCL 766.4; MSA 28.922).

6. Prosecuting Attorneys — Police Reports — Obstruction of Justice.

Reversal is not mandated by reason of the failure of the prosecutor to supply a copy of the police report where there was but a single request for a copy of the police report made by defendant prior to the preliminary examination, no further attempts to secure the report were made until after trial and assistance of the trial court in obtaining the report was not requested, since an atmosphere of persistent obstruction or uncooperativeness by the prosecutor is not shown under such circumstances.

7. CRIMINAL LAW — TRIAL — PRESENCE OF DEFENDANT.

   The right of a ciminal defendant to be present at all critical stages of the proceedings is not denied so that reversal is mandated where there is a brief conference in chambers between counsel and the trial judge but where no evidence was received outside the presence of defendant and no prejudice has been shown.

8. APPEAL — PROSECUTORIAL MISCONDUCT — PRESERVING QUESTION.

   The issue of the allowance of improper questioning and arguments by the prosecutor is not preserved for appellate review where there was no objection in the trial court, if the alleged prejudice could have been cured by a cautionary instruction.

9. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS.

   The failure of a trial court, in considering whether evidence of a criminal defendant's prior conviction could be used for impeachment purposes, to consider the impact on the judicial process if defendant did not testify because of such impeachment testimony does not mandate reversal where the defendant, despite the threat of such impeachment, testified.

10. CRIMINAL LAW — EVIDENCE — CHARACTER TESTIMONY — REPUTATION.

   Testimony as to a criminal defendant's reputation for truth and veracity is properly admitted only upon a showing that the character witness had talked to others concerning the defendant.

11. TRIAL — TAPE RECORDED TESTIMONY.

   It is not error for a trial court to refuse a jury request to hear tape recordings of the defendant's testimony where the tape recordings were not an official part of the record but were made only for the purpose of being a back-up for the court reporter.

12. CRIMINAL LAW — TRIAL — ASSISTANCE OF COUNSEL.

   Matters of trial strategy will not support allegations of ineffective assistance of counsel.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Randy H. Smith,* Prosecuting Attorney, and *Michael A. Nickerson,* Assistant Attorney General, for the people.

*Gemuend & Gemuend* (by *Daniel K. Templin),* for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and R. M. MAHER and P. R. JOSLYN,* JJ.

D. E. HOLBROOK, JR., P.J. Defendant was convicted by a jury of first-degree criminal sexual conduct, MCL 750.520b(1)(e); MSA 28.788(2)(1)(e), the theory of the prosecution being that defendant committed an act of sexual penetration while armed with a weapon. Defendant was sentenced to a prison term of 10 to 15 years. Defendant appealed as of right. Thereafter defendant moved in this Court to remand to the trial court for purposes of permitting a motion for a new trial. The matter was remanded. On September 27, 1982, the trial court heard oral arguments, resulting in its denial of a new trial.

Defendant's conviction arose out of an alleged forcible rape of Leonard Davidson while both defendant and Davidson were incarcerated at the Ionia Reformatory during the Memorial Day riots of 1981. Additional facts, where pertinent, will be included in a discussion of the issues.

Defendant first claims the trial court erred in failing to instruct the jury as to felonious assault. Where defense counsel requests instructions on a "cognate" lesser included offense, refusal to give the requested instruction is error if evidence has been presented which would support conviction of the lesser offense. *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975).

"Cognate" lesser included offenses share overlapping elements with the greater offense and such overlapping elements relate to a common statutory

* Circuit judge, sitting on the Court of Appeals by assignment.

purpose. But the greater and the lesser may each include one or more elements not shared with the other. *Ora Jones, supra,* pp 387-390.

The issue then becomes whether felonious assault is a cognate lesser included offense of first-degree criminal sexual conduct under MCL 750.520b(1)(e). The elements of felonious assault are: (1) an assault, and (2) the use of a dangerous weapon in making the assault. *People v Stubbs,* 110 Mich App 287; 312 NW2d 232 (1981). The elements of first-degree criminal sexual conduct under subsection 750.520b(1)(e) are that defendant engaged in sexual penetration and that he was armed with a weapon. *People v Clement Anderson,* 111 Mich App 671; 314 NW2d 723 (1981). Having examined the elements, we find said offenses are not "cognate". The lesser does not have overlapping elements with the greater. Using a weapon to assist in making an assault is different from engaging in sexual penetration while armed. Additionally, we find that the two offenses do not serve a common statutory purpose but serve to remedy two distinct problems. See *People v Payne,* 90 Mich App 713; 282 NW2d 456 (1979). We find the trial court's refusal to consider felonious assault as a cognate lesser included offense and instruct accordingly was not error mandating reversal.

Next defendant claims he was denied a fair trial by the trial court's denial of a pretrial motion for change of venue. We disagree. During voir dire, each juror stated that he or she had heard nothing of this particular case, although most jurors had read of the prison riots. Without exception, each juror stated that he or she could render a fair verdict based solely on the evidence presented in court. We find nothing in the record to indicate bitter prejudice or strong community feeling

against defendant. *People v Prast (On Reh),* 114 Mich App 469; 319 NW2d 627 (1982).

Third, defendant claims he was denied his right to a prompt preliminary examination. This claim is without merit. *People v Weston,* 413 Mich 371; 319 NW2d 537 (1982), which requires discharge of a defendant not brought for preliminary examination within 12 days of arraignment, is prospective only and inapplicable herein. Moreover, defendant has shown no prejudice by the delay. *People v Haines,* 105 Mich App 213; 306 NW2d 455 (1981).

Fourth, defendant claims he was prejudiced by the prosecution's refusal to supply a police report prior to or during trial. This case does not involve the kind of persistent obstruction and uncooperativeness condemned by the Court in *In re Bay Prosecutor,* 109 Mich App 476; 311 NW2d 399 (1981). The record shows only one attempt by defense counsel to obtain a copy of the report, that request being made *prior* to the preliminary examination. There is no showing that counsel made another attempt to secure a copy of the report until after trial. Further, trial counsel made no effort to obtain court assistance in obtaining the report, nor was this matter addressed to the trial court on remand. We find no error mandating reversal.

Fifth, defendant claims he was denied his right to be present at all critical stages of the proceeding by the two- minute in-chambers conference between counsel and the trial judge. This claim is without merit. See *People v Pulley,* 411 Mich 523; 309 NW2d 170 (1981). Nothing in the record reflects that any evidence was received outside defendant's presence nor has defendant shown or demonstrated any prejudice.

Defendant's sixth argument is that he was de-

nied a fair trial by the allowance of certain questions by the prosecution of a witness and the prosecution's argument relating thereto. This claim is without merit. Defense counsel did not object to the questions or arguments or request a curative instruction. Reversal is not required, since a cautionary instruction could have cured any prejudice. *People v Hall,* 396 Mich 650; 242 NW2d 377 (1976).

Defendant's seventh claim is that the trial court applied an incorrect standard to defendant's motion for a directed verdict. We disagree. We find the trial court correctly applied the standard set forth in *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979), and properly denied said motion. *People v Iaconnelli,* 112 Mich App 725; 317 NW2d 540 (1982); *People v Anglin,* 111 Mich App 268, 284-285; 314 NW2d 581 (1981). Moreover, we find no abuse of discretion in denying defendant's motion for new trial on the basis that the verdict was against the great weight of the evidence. *Drouillard v Metropolitan Life Ins Co,* 107 Mich App 608, 623; 310 NW2d 15 (1981). See *People v Norwood,* 70 Mich App 53, 57; 245 NW2d 170 (1976); *People v Carson,* 87 Mich App 163; 274 NW2d 3 (1978).

Eighth, defendant claims that the trial court abused its discretion in permitting defendant to be impeached by evidence of a 1976 conviction for armed robbery. We find that the trial court clearly recognized its discretion, *People v Castillo,* 82 Mich App 476; 266 NW2d 460 (1978), and considered the nature of the conviction and the effect it could have on defendant's credibility. See *People v Crawford,* 83 Mich App 35; 268 NW2d 275 (1978). While the trial court did not discuss the third factor set forth in *Crawford,* defendant suffered no prejudice since he did testify.

Ninth, defendant claims the trial court erred in not permitting the testimony of a character witness because of an inadequate foundation. The record reveals that said witness never spoke to anyone about defendant. The trial court's ruling was correct. See *People v Schultz,* 316 Mich 106, 109; 25 NW2d 128 (1946).

Tenth, defendant claims that the prosecution made an improper civic duty argument. Since defense counsel failed to object to said remarks, the issue is waived. *People v Eaton,* 114 Mich App 330, 335; 319 NW2d 344 (1982). Moreover, these remarks were not so inflammatory that an objection and curative instruction could not have prevented any prejudice to defendant. *People v Lasenby,* 107 Mich App 462; 309 NW2d 572 (1981).

Eleventh, defendant claims that the trial court abused its discretion in denying the jury's request to "rehear the tapes" of defendant's testimony. We find no abuse of discretion, as the "tapes" were not an official part of the record but rather were being made only for the purpose of being a back-up for the court reporter. *People v Cyr,* 113 Mich App 213; 317 NW2d 857 (1982).

Finally, defendant contends that he was denied effective assistance of counsel. Having examined defendant's allegations, we find them to be without merit. Our review of the record reveals that the performance of trial counsel met the standard enunciated in *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976). Moreover, matters of trial strategy will not support allegations of ineffective assistance of counsel. *People v Peery,* 119 Mich App 207; 326 NW2d 451 (1982).

Affirmed.