## THE PEOPLE v. PETER ORMSBY.

*Respondent's presence in court.*

After the regular conviction of a person charged with crime he can no longer insist on being personally present in court for farther proceedings, such as the disposition of a motion for a new trial.

Error to the Recorder's Court of Detroit. Submitted April 25. Decided June 14.

INFORMATION for robbery. Conviction affirmed.

*Charles E. Miller* for respondent appellant.

Attorney General *Jacob J. Van Riper* for the People.

MARSTON, J. The respondent was tried and convicted upon an information charging robbery.

A motion was afterwards made for a new trial and several reasons assigned therefor, one being that the verdict was contrary to the evidence. On the 28th day of February this motion was heard, and on the second day of March was overruled and denied.

The error now complained of is, that the court did not require the presence of the respondent upon the argument and decision of this motion, and that as the court had to pass upon the facts, it was in the nature of a trial and his presence was necessary.

The record does not affirmatively show that he was or was not present. It does not show his presence during the trial and when judgment was rendered, and that no such objection was then made although an opportunity for so doing was afforded.

In *Grimm v. People* 14 Mich. 308, the record showed the presence of the accused on the first day of the trial, but did not state whether he was present or absent during the intermediate days thereof, and it was held that this condition of the record was no ground of error.

We need not however dispose of this case upon any question of mere presumption. After a trial has been had in open court in the presence of the accused and he has been convicted, he has no longer any right to insist upon being personally present in court when a motion is made or heard in his case. If he has such a right then for the same reason he could insist upon being brought into this Court when the case is heard and also when it is disposed of.

We find no error and the judgment must be affirmed.

COOLEY and CAMPBELL, JJ. concurred.