PEOPLE v CARSON

PEOPLE v KING

Docket Nos. 30015, 30016. Submitted June 5, 1978, at Detroit.—Decided November 27, 1978.

Defendants James L. Carson and Jasper King were convicted of carnal knowledge of a female over 16 years of age and defendant Carson was also convicted of gross indecency in the Recorder's Court for the City of Detroit, John L. Kadela, J. Defendants appeal. Cases consolidated on appeal. *Held:*

1. The credibility of the complainant is a question for the jury whose determination will not be disturbed on appeal unless a review of the record demonstrates that the complainant's testimony was so entirely unbelievable as to be outside the realm of credibility.

2. Three conditions must be satisfied before a statement can be admitted as an excited utterance: (1) a startling occasion, startling enough to produce nervous excitement, and render the utterance spontaneous and unreflecting; (2) the statement must have been made before there has been time to contrive and misrepresent; and (3) the statement must relate to the circumstances of the occurrence preceding it.

3. It was error to allow a witness to testify to a telephone conversation between the witness and the complainant 4-1/2 hours after the crimes, under the excited utterance prong of

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial § 417

81 Am Jur 2d, Witnesses §§ 140, 656, 658 *et seq.*

Credibility witness giving uncontradicted testimony as matter for court or jury. 62 ALR2d 1191.

[2] 29 Am Jur 2d, Evidence §§ 708 *et seq.,* 723, 724.

[3] 29 Am Jur 2d, Evidence §§ 708-717.

[4] 29 Am Jur 2d, Evidence §§ 4, 256, 708 *et seq:*

[5] 29 Am Jur 2d, Evidence § 597.

30 Am Jur 2d, Evidence § 1087.

[6] 59 Am Jur 2d, Parties §§ 7-14.

[7] 30 Am Jur 2d, Evidence §§ 1082, 1083, 1124.

81 Am Jur 2d, Witnesses § 648.

[8] 21 Am Jur 2d, Criminal Law § 570.

the res gestae rule, since the time lapse provided sufficient opportunity for fabrication and the complainant's activities showed that she was capable of reflective thought during this period; the error was harmless error, however, since the objected-to testimony was merely cumulative and its admission or omission would not have affected the outcome of the trial.

4. A statement qualifies as an admission only if it is made by a party opponent.

5. The complaining witness in a criminal prosecution is not a party opponent.

6. A proper foundation must be laid before testimony is admissible as a prior inconsistent statement; therefore, the trial court did not err in excluding a statement which might have qualified as a prior inconsistent statement where a proper foundation for its admission was not laid.

7. A judge may not impose a higher sentence upon the retrial of a defendant than that imposed after the first trial unless he states on the record the factors occurring after defendant's original sentence upon which he bases his decision for an increased sentence; this rule applies regardless of whether the increased sentence is imposed by a judge different than the one who imposed the original sentence.

8. Here the trial judge imposed higher sentences upon retrial without stating his reasons, therefore, the case must be remanded for a resentencing wherein the trial judge must either reimpose the original sentences or state the factors upon which he bases the imposition of higher sentences.

Remanded.

1. WITNESSES—CRIMINAL LAW—COMPLAINANT—CREDIBILITY—JURY—CARNAL KNOWLEDGE—REVERSIBLE ERROR.

Credibility is a question for the jury; the jury's determination will not be disturbed on appeal unless a review of the record demonstrates that the witness's testimony was so entirely unbelievable as to be outside the realm of credibility.

2. WITNESSES—EXCITED UTTERANCES—ADMISSIBILITY—FABRICATING STORIES.

Excited utterances are deemed reliable, and thus admissible under the excited utterance prong of the res gestae rule, on the theory that the startling event suspends the witness's reflective thought process rendering the person incapable of fabricating a story at the time the statement was made.

3. EVIDENCE—ADMISSIBILITY—HEARSAY—EXCITED UTTERANCE—RES GESTAE EXCEPTION—CONDITIONS.

A statement may be admitted into evidence under the excited utterance prong of the res gestae rule where the following three conditions are satisfied (1) there is a startling occasion, startling enough to produce nervous exictement and render the utterance spontaneous and unreflecting, (2) the statement was made before there was time to contrive and misrepresent, and (3) the statement relates to the circumstances of the occurrence preceding it; when considering the time for contrivance condition a court must consider two factors jointly, whether the time period between the event and the statement provided an opportunity for fabrication and whether the witness's emotional state during this time period rendered him capable of fabricating a story.

4. WITNESSES—EVIDENCE—APPEAL AND ERROR—CRIMINAL LAW—EXCITED UTTERANCES—RES GESTAE—HARMLESS ERROR—CUMULATIVE TESTIMONY—EFFECT ON OUTCOME.

The erroneous admission of testimony, in a trial for carnal knowledge of a female over 16 years of age and gross indecency, under the excited utterance prong of the res gestae rule, regarding a telephone conversation between the witness and the complainant 4-1/2 hours after the crimes was harmless error where the objected-to testimony was merely cumulative and its admission or omission would not have affected the outcome of the trial.

5. WITNESSES—ADMISSIONS—PARTY OPPONENTS.

A statement qualifies as an admission only if it was made by a party opponent.

6. WITNESSES—CRIMINAL LAW—TRIAL—PARTY OPPONENTS—COMPLAINING WITNESSES.

The complaining witness in a criminal prosecution is not a party opponent.

7. WITNESSES—TESTIMONY—FOUNDATION—PRIOR INCONSISTENT STATEMENTS—ADMISSIBILITY.

A proper foundation must be laid before testimony is admissible as a prior inconsistent statement; in laying such a foundation the cross-examiner must identify the statement as to time, place and substance and ask the witness whether he or she made the statement; upon receiving a denial or equivocal answer, the foundation has been laid and the cross-examiner may proceed to prove the making of the alleged statement.

8. Criminal Law—Sentencing—Retrials—Increased Sentences—
Factors—Record.

A judge may not impose a higher sentence upon the retrial of a
defendant than that imposed after the first trial unless he
states on the record the factors occurring after defendant's
original sentence upon which he bases his decision for an
increased sentence; this rule applies whether or not the in-
creased sentence is imposed by a judge different than the one
who imposed the original sentence.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Prin-
cipal Attorney, Appeals, and *William Wertheimer,*
Assistant Prosecuting Attorney, for the people.

*Jack J. Kraizman,* for defendants.

Before: Bashara, P.J., and Bronson and C. W.
Simon,* JJ.

Bronson, J. Defendants Carson and King were
convicted by a jury of carnal knowledge of a
female over 16 years of age contrary to MCL
750.520; MSA 28.788 and were sentenced to terms
in prison of 6 to 10 years and 10 to 15 years
respectively. Defendant Carson was also convicted
of gross indecency contrary to MCL 750.338b; MSA
28.570(2) and was sentenced from 3 to 5 years in
prison.[1] Defendants appeal as of right.

The only evidence which directly tied defendants
to the crimes was the testimony of the complain-
ing witness. If believed, her testimony was suffi-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] This is an appeal from defendants' second trial. The first trial
resulted in defendants being convicted of the same crimes for which
they were convicted in the present trial. Defendant King was sen-
tenced to a term of 7-1/2 to 15 years. Defendant Carson was sen-
tenced to terms of 5 to 10 years and 3 to 5 years. A new trial was
granted after sentencing.

cient to establish all elements of the crimes charged. Defendants challenge their convictions on the grounds of insufficient evidence based upon the complainant's lack of credibility. Credibility is a question for the jury. *People v Renno,* 392 Mich 45; 219 NW2d 422 (1974). A review of the record certainly does not demonstrate that complainant's testimony was so entirely unbelievable as to be outside the realm of credibility. This being the case, the jury's determination will not be disturbed on appeal. See *People v Palmer,* 392 Mich 370, 376; 220 NW2d 393 (1974), *People v Smalls,* 61 Mich App 53; 232 NW2d 298 (1975).

Defendants next allege that the trial court erred in allowing a witness to testify to a telephone conversation between the witness and complainant approximately 4-1/2 hours after the crimes. The trial court apparently permitted the testimony under the excited utterance prong of the res gestae rule. See McCormick, Evidence (2d ed), § 288, p 686.

Excited utterances are deemed reliable, and thus admissible, on the theory that the startling event suspends the witness's reflective thought process and renders the person incapable of fabricating a story at the time the statement was made. McCormick, Evidence (2d ed), § 297, p 704. In recognition of this rationale, three conditions must be satisfied before a statement can be admitted as an excited utterance.

"(1) that there is a startling occasion, startling enough to produce nervous excitement, and render the utterance spontaneous and unreflecting; (2) that the statement must have been made before there has been time to contrive and misrepresent; and (3) the statement must relate to the circumstances of the occurrence preceding it." *Rice v Jackson,* 1 Mich App 105,

111; 134 NW2d 366 (1965), accord, *People v Mosley*, 74 Mich App 145; 254 NW2d 33 (1977).

In the present case, the primary problem concerns condition number two. In considering the "time for contrivance" requirement a court must examine not only whether the time period between the event and the statement provided an opportunity for fabrication but also whether the witness's emotional state during this time period rendered him capable of fabricating a story. These two factors cannot be considered in isolation but must be considered jointly.

In the present case 4-1/2 hours elapsed between the crimes and the telephone conversation in question. This is a sufficient time lag to provide a person with the opportunity for fabrication. Secondly, complainant testified that after the crimes she returned home and thought about what had just happened. There is no indication that she was in a state of continuous nervous excitement during this time period. Conversely, the evidence demonstrates that although understandably upset, complainant engaged in activities requiring contemplation and reflective thought. Therefore, since the time lapse provided sufficient opportunity for fabrication and her activities showed that she was capable of reflective thought during this period, her conversation with the witness could not be considered an excited utterance.

Although this testimony should not have been admitted, the error does not require reversal. The testimony was merely a reiteration of testimony given by the complainant to which no objection had been made. Complainant's account of the conversation was objectionable on the same grounds as that of the present witness. No objection was

made, however, and the evidence was admitted.[2]
Thus the objected-to testimony was merely cumu-
lative and its admission or omission would not
have affected the outcome of the trial. Therefore,
the error was harmless. See *People v Swan,* 56
Mich App 22; 223 NW2d 346 (1974).

Defendants' next contention is that the court
erred in prohibiting defendant Carson's mother
from testifying about a telephone conversation she
had with complainant. Allegedly, complainant
stated that she did not wish to get defendants in
trouble but that a close friend had been checking
up on her and she had to tell him something to
explain why she had come home late. Defendants
claim that the testimony was admissible as an
admission. A statement qualifies as an admission
only if it was made by a party opponent. See
*Ghezzi v Holly,* 22 Mich App 157; 177 NW2d 247
(1970); MRE 801(d)(2). The complaining witness in
a criminal prosecution is not a party opponent. 4
Wigmore, Evidence (Chadbourn Rev), § 1076, p
154.

Although not an admission, the statement could
still qualify as a prior inconsistent statement.
However, before testimony is admissible as a prior
inconsistent statement, a proper foundation must
be laid. The cross-examiner must identify the
statement as to time, place and substance and ask
the witness whether he or she made the state-
ment. Upon receiving a denial or equivocal an-
swer, the foundation has been laid and the cross-
examiner may proceed to prove the making of the
alleged statement. *People v Dozier,* 22 Mich App
528; 177 NW2d 694 (1970). Absent such a founda-

---

[2] It cannot be said that this admission of plaintiff's account of the
conversation constituted manifest injustice which would mandate
reversal even in the absence of objection. *Mauricio v Tobias,* 52 Mich
App 127; 216 NW2d 602 (1974).

tion the statement is inadmissible. Since defendants did not lay the proper foundation, the trial court did not err in excluding the statement.

Finally, defendants contend that the trial court erred when it sentenced them upon retrial to harsher sentences than those imposed after their first trial. The Supreme Court has held that an increase in sentence upon retrial is not per se unconstitutional. *North Carolina v Pearce*, 395 US 711, 723; 89 S Ct 2072, 2079; 23 L Ed 2d 656, 668 (1969). The Court noted, however, that it would be impermissible to impose a harsher sentence merely as a penalty on a defendant for having successfully exercised his right to appeal. Realizing that the fear of such a retaliatory motive might serve to chill a defendant's right to appeal, the Court adopted a prophylactic rule to be followed when an increased sentence is imposed upon retrial.

"In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." 395 US at 726; 89 S Ct at 2081; 23 L Ed 2d at 670.

Subsequent Supreme Court cases have served to limit the application of the *Pearce* rule in analogous situations. A review of these cases[3] demon-

---

[3] *Compare Chaffin v Stynchcombe*, 412 US 17; 93 S Ct 1977; 36 L Ed 2d 714 (1973) (refusing to apply *Pearce* when sentencing done by a

strates that the determinative factor in deciding upon the applicability of the rule is whether the increased sentence in the second proceeding poses "a realistic likelihood of 'vindictiveness' ". *Blackledge v Perry,* 417 US 21, 27; 94 S Ct 2098, 2102; 40 L Ed 2d 628, 634 (1974). The prosecution contends that such a likelihood does not exist in the present case because the increased sentences were imposed by a different judge than the one who imposed the original sentences, and thus *Pearce* is inapplicable.

We do not find this contention convincing. First, it should be noted that *Pearce*[4] involved different sentencing judges. See *Chaffin v Stynchcombe,* 412 US 17, 41, n 4; 93 S Ct 1977; 36 L Ed 2d 714 (1973) (Marshall, J., dissenting). Thus *Pearce* covers the exact situation presented in this case and is controlling. This result is further supported by our Supreme Court's decision in *People v Payne,* 386 Mich 84; 191 NW2d 375 (1971), *rev'd on other grounds* 412 US 47; 93 S Ct 1966; 36 L Ed 2d 736 (1973),[5] in which the Court applied *Pearce* to cases where different judges of the same court imposed sentencing.

Finally, the institutional loyalty of members of

jury instead of a judge), and *Colten v Kentucky,* 407 US 104; 92 S Ct 1953; 32 L Ed 2d 584 (1972) (refusing to apply *Pearce* to a situation where a judge imposed an increased sentence after defendant's *de novo* trial in a higher court), with *Blackledge v Perry,* 417 US 21; 94 S Ct 2098; 40 L Ed 2d 628 (1974) (applying *Pearce* rationale and precluding a prosecutor in a *de novo* trial before a superior tribunal from charging a defendant with a higher crime than that with which he was originally charged in his trial in the lower court).

[4] This fact was not mentioned in the *Pearce* opinion which would seem to indicate that the Court deemed it irrelevant to the decision of the case whether the same judge or a different judge imposed the increased sentence.

[5] The Supreme Court reversed *Payne* on the retroactivity question holding that *Pearce* was not to be given retroactive application. The Court declined to address any of the other sentencing questions involved in the case. 412 US at 49.

the same court must be taken into consideration. See Grano, *Criminal Procedure,* 23 Wayne L Rev 517, 610 (1977). The *Pearce* safeguards were adopted to forestall not only actual vindictiveness but also the threat or appearance of vindictiveness. Given the usual collegiality of members of the same bench, we are convinced that the appearance of vindictiveness and its corresponding chill on a defendant's right to appeal cannot be dispelled without the application of the *Pearce* safeguards.

Therefore, as a matter of constitutional law and in the exercise of our supervisory powers over lower state courts we hold that upon retrial a judge may not impose a higher sentence upon defendant than that received after his first trial unless he states on the record the factors, occurring after defendant's original sentence, upon which the judge bases his decision of an increased sentence. Accord, *People v Triplett,* 68 Mich App 531; 243 NW2d 665 (1976). Since the trial judge in the present case imposed higher sentences on defendants without stating his reasons, the case must be remanded for resentencing. On remand the trial judge must either reimpose the original sentences or state the factors upon which he bases his imposition of a higher sentence. We do not retain jurisdiction.

Remanded.