PEOPLE v PULLEY

Docket No. 62820. Argued May 6, 1980 (Calendar No. 2).—Decided August 24, 1981.

James C. Pulley was convicted on his plea of guilty in Kent Circuit Court, George V. Boucher, J., of attempted possession of heroin with intent to deliver, and he was sentenced to six to ten years imprisonment. The defendant argued on appeal that his sentence should be vacated because he was not present at a presentence conference conducted off the record, in chambers, between the sentencing judge and defense counsel. The Court of Appeals, D. C. Riley, P.J., and Bronson and Gillespie, JJ., affirmed in a memorandum opinion, on the ground that the record showed that the defendant and his attorney were given the opportunity to challenge the presentence report and given the right of allocution (Docket No. 78-2410). Defendant appeals.

*Held:* A majority of the Court, Chief Justice Coleman and Justices Kavanagh, Fitzgerald, Ryan, and Moody, is of the opinion that the defendant in this case was not prejudiced by his absence from the sentence conference. The Court also set forth a proposed amendment to the court rules governing the subject.

In a per curiam opinion, Justices Kavanagh, Fitzgerald, and Moody wrote:

1. An analysis of the character of the sentencing proceeding shows its kinship to the process of determining guilt or innocence at trial, and the consequent need for the defendant's presence and participation. Michigan sentencing policy requires that the sentence be tailored to the particular circumstances of the case and to the offender. To so tailor the sentence, the judge must gather complete and detailed information about the offender. The judge must assess the reliability of the informa-

---

REFERENCES FOR POINTS IN HEADNOTES

[1-8] 21 Am Jur 2d, Criminal Law §§ 303-305.

Voluntary absence of accused when sentence is pronounced. 6 ALR2d 998.

Accused's right, under Federal Constitution, to be present at his trial—Supreme Court Cases. 25 L Ed 2d 931.

[2] 21 Am Jur 2d, Criminal Law § 530.

tion received, assure that it is reasonably up-to-date, determine its competency as a sentencing consideration, and resolve challenges to its accuracy.

2. The lack of knowledge of what went on in the conference denigrates the defendant's personal right of allocution. As Pulley contends, it may be that to provide the defendant a chance to speak after the judge and counsel have extensive discussions in chambers is worthless, and that, if the defendant has been excluded from the crucial discussion of sentencing, he not only must challenge any preconceived determination, but must do so in ignorance of the facts on which the judge relied.

3. Closely related to assuring the actual fairness and reliability of the proceeding is assuring the appearance of fairness and reliability so essential to maintaining confidence in the courts as instruments of justice. Proceedings secret to the defendant are antithetic to the defendant's perception that he is being treated fairly. Of comparable importance to the defendant's perception of fair treatment is society's perception that the process by which it deprives certain of its members of their liberty is fair, just, and reliable. Although it may be burdensome to society to allow the defendant to participate actively in the sentencing proceeding, recognition of the right to do so signifies a way of dealing with persons which is fundamental to a free society.

4. A majority of the Court, however, is of the opinion that this defendant was not prejudiced by his absence from the sentence conference. Accordingly, the per curiam authors declined at this time to require, as a matter of policy, that an accused be present upon request at this conference.

5. In the light of the concerns expressed in the opinion, the Court is considering the adoption of a court rule governing the subject, set forth as an appendix to the opinion.

The decision of the Court of Appeals is affirmed.

Justice Williams, joined by Justice Levin, dissented in part. He concurred with the determination to consider adoption of a court rule, but believed that the defendant in this case was deprived of constitutional due process, and would remand for resentencing. A right as fundamental as the right to be personally present is not subject to such formalistic confinement as to end with trial and thus to depend on the chronological stage of the proceeding rather than on the substantive nature of the inquiry. The right to be present should depend on the character of the proceeding and whether the reasons supporting a defendant's right to be present at trial are equally applicable to that proceeding.

OPINION OF THE COURT

1. CRIMINAL LAW — SENTENCING — PRESENCE OF DEFENDANT.

   *The sentencing proceeding, which requires the judge to tailor the sentence to the particular circumstances of the case and the offender, is akin to the determination of guilt or innocence at trial, and there is a consequent need for the presence and participation of the defendant.*

2. CRIMINAL LAW — SENTENCING — PRESENTENCE CONFERENCE — PRESENCE OF DEFENDANT — RIGHT OF ALLOCUTION.

   *Absence of the defendant from a conference where the trial court discusses with counsel the report of the presentence investigation denigrates the defendant's personal right of allocution, because he must challenge any preconceived determination without knowledge of what went on in the conference (GCR 1963, 785.8[2]).*

3. CRIMINAL LAW — SENTENCING — PRESENCE OF DEFENDANT — FAIRNESS.

   *Sentencing proceedings secret to the defendant, whether or not fair in fact, are antithetic to the defendant's perception that he is being treated fairly.*

4. CRIMINAL LAW — SENTENCING — PRESENCE OF DEFENDANT — FAIRNESS.

   *The appearance of fairness and reliability of courts is essential to maintaining confidence in them as instruments of justice; liberty ought not to be taken away from a person unless the process is fair, just and reliable, and recognition of the right of the defendant to participate actively in the sentencing proceeding signifies a way of dealing with persons which is fundamental to a free society.*

5. CRIMINAL LAW — SENTENCING — PRESENTENCE CONFERENCE — PRESENCE OF DEFENDANT.

   The Supreme Court declined to require, as a matter of policy, that an accused be present upon request at a presentence conference between the trial court and counsel where the Court concluded that the defendant was not prejudiced by his absence from the sentence conference and there was no showing that what transpired at the conference was objectionable in any fashion.

OPINION CONCURRING IN PART AND DISSENTING IN PART BY WILLIAMS, J.

6. CRIMINAL LAW — SENTENCING — PRESENTENCE CONFERENCE —
PRESENCE OF DEFENDANT — DUE PROCESS.

     *A defendant is deprived of constitutional due process of law by
his absence from a conference where the trial court discusses
with counsel the report of the presentence investigation (US
Const, Am XIV; Const 1963, art 1, § 17).*

7. CRIMINAL LAW — PRESENCE OF DEFENDANT — DUE PROCESS.

     *The Due Process Clause provides defendants the fundamental
right to be present personally at every stage of the trial where
their substantial rights may be affected by the proceedings and
where their presence relates to the fullness of their opportunity
to defend against the charge (US Const, Am XIV; Const 1963,
art 1, § 17).*

8. CRIMINAL LAW — PRESENCE OF DEFENDANT — DUE PROCESS.

     *A right as fundamental as the right of the defendant to be
present personally is not subject to such formalistic confine-
ment as to end with trial and thus to depend on the chronologi-
cal stage of the proceeding rather than on the substantive
nature of the inquiry; the right to be present should depend on
the character of the proceeding and whether the reasons sup-
porting a defendant's right to be present at trial are equally
applicable to that proceeding (US Const, Am XIV; Const 1963,
art 1, § 17).*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *David H. Sawyer,*
Prosecuting Attorney, and *Carol S. Irons,* Chief
Appellate Attorney, for the people.

*George S. Buth* for defendant.

PER CURIAM. James Corzel Pulley was charged
with one count of unlawful delivery of heroin and
one count of conspiracy to deliver heroin. He pled
guilty of attempted possession with intent to de-
liver heroin,[1] and was sentenced to serve six to ten
years imprisonment.

     Pulley appealed, raising one issue: whether his

_____

     [1] MCL 335.341(1)(a); MSA 18.1070(41)(1)(a); MCL 750.92; MSA
28.287.

sentence should be vacated because he was not present at an in-chambers, off-the-record presentence conference between the sentencing judge and Pulley's attorney. The Court of Appeals affirmed in an unpublished opinion.[2] We granted leave to appeal.

## I

At the outset of the in-court sentencing proceeding, the circuit judge addressed defense counsel, saying:

"Mr. Dodge, you have already discussed this matter with the court in chambers. Do you wish to respond any further to the presentence investigation report?"

It is thus apparent that the judge and defense counsel discussed the presentence report and, presumably, the sentence, in Pulley's absence. The balance of the sentencing record shows that the prosecutor was also given the opportunity to respond to the presentence report, and that Pulley was accorded his opportunity for allocution.

Pulley asserts that his opportunity for allocution and to refute the contents of the presentence report was made ineffective by his absence from the presentence conference, and that the presentence conference is a critical stage of a criminal prosecution at which a defendant has a constitutional right to be present. The prosecutor maintains that Pulley had a full opportunity for allocu-

[2] The Court of Appeals said:

"The in-chambers off-the-record sentencing conference between the trial court and defense attorney did not violate defendant's rights. The record affirmatively shows that both defense counsel and defendant were given the opportunity to challenge the presentence report pursuant to GCR 1963, 785.12 and the right to allocution pursuant to GCR 785.8."

tion and to respond to the presentence investigation report, and that his right to be present extends only to his trial, which ends with the rendition of the verdict.

## II

While the power to set the range of punishment for a given offense is legislative,[3] bringing that statutory range of discretion to bear upon an individual defendant in the form of a sentence has been confided to the judiciary.[4] The exertion of such judicial process has traditionally required that the accused be given the opportunity to personally participate.[5]

" 'A leading principle that pervades the entire law of criminal procedure is that, after indictment found, nothing shall be done in the absence of the prisoner.' " *People v Medcoff,* 344 Mich 108, 114; 73 NW2d 537 (1955), quoting *Lewis v United States,* 146 US 370, 372; 13 S Ct 136; 36 L Ed 1011 (1892).

In 1882, this Court invalidated a statute prescribing the procedure applicable to persons convicted and imprisoned as disorderly by a justice of the peace.[6] The statute required the circuit court, at the beginning of each term, to inquire into the circumstances of each case, to hear any proofs offered, and to order a prisoner released, bound out as an apprentice or servant or committed to jail at hard labor. The Court said:

---

[3] *People v Hall,* 396 Mich 650, 658; 242 NW2d 377 (1976); *People v Palm,* 245 Mich 396, 404; 223 NW 67 (1929).

[4] *People v Cook,* 147 Mich 127, 133; 110 NW 514 (1907).

[5] See, generally, *Faretta v California,* 422 US 806; 95 S Ct 2525; 45 L Ed 2d 562 (1975).

[6] *In the Matter of Fowler,* 49 Mich 234; 13 NW 530 (1882).

"Now surely it requires no argument at the present day, nor citation of authorities, to show that none of these things can be done by the circuit court unless the person convicted is personally present. It would be so clearly contrary to our fundamental law to permit evidence to be introduced and considered against a person convicted or accused; or to permit the sentence imposed to be increased, as this statute provides, in the absence of the person convicted, that we cannot think the Legislature contemplated such a thing. If attempted it would be clearly unconstitutional and of no force or effect." *In the Matter of Fowler,* 49 Mich 234, 238; 13 NW 530 (1882).

An analysis of the character of the sentencing proceeding reveals its kinship to the process of determining guilt or innocence at trial, and the consequent need for defendant's presence and participation. Michigan sentencing policy currently requires that

"the sentence should be tailored to the particular circumstances of the case and the offender in an effort to balance both society's need for protection and its interest in maximizing the offender's rehabilitative potential." *People v McFarlin,* 389 Mich 557, 574; 208 NW2d 504 (1973).

To so tailor the sentence, the judge must gather complete and detailed information about the offender.[7] The judge must assess the reliability of the information received,[8] assure that it is reasonably up-to-date,[9] determine its competency as a

---

[7] *People v Triplett,* 407 Mich 510, 514; 287 NW2d 165 (1980).

[8] *United States v Weston,* 448 F2d 626 (CA 9, 1971).

[9] *People v Triplett, supra.*

sentencing consideration,[10] and resolve challenges to its accuracy.[11]

The lack of knowledge of what went on in conference denigrates the defendant's personal right of allocution. GCR 1963, 785.8(2). What Pulley has argued may often be true:

"To provide the defendant with a chance to speak after extensive chamber discussions is worthless. If defendant has been excluded from this crucial sentencing discussion, he not only must challenge any preconceived determination, but must do so in the dark."

Closely related to assuring the actual fairness and reliability of the proceeding is assuring the *appearance* of fairness and reliability so essential to maintaining confidence in courts as instruments of justice.[12] Proceedings secret to the defendant, whether or not fair in fact, are antithetical to the defendant's perception that he is being treated fairly. As expressed in an English case in which a witness had been questioned by the court in the absence of the defendant:

"That is a matter which cannot possibly be justified. I am not suggesting for one moment that the justices had any sinister or improper motive in acting as they did. It may be that they sent for this officer in the interests of the accused; it may be that the information which the officer gave was in the interests of the accused. That

---

[10] *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972); *People v Provost,* 403 Mich 843; 271 NW2d 777 (1978); *People v Anderson,* 391 Mich 419; 216 NW2d 780 (1974); *People v Grimmett,* 388 Mich 590; 202 NW2d 278 (1972); *People v Earegood,* 383 Mich 82; 173 NW2d 205 (1970).

[11] *People v Lee,* 391 Mich 618; 218 NW2d 655 (1974); *People v Malkowski,* 385 Mich 244; 188 NW2d 559 (1971); *People v McIntosh,* 62 Mich App 422; 234 NW2d 157 (1975); *People v Zachery Davis,* 41 Mich App 683; 200 NW2d 779 (1972). See *Townsend v Burke,* 334 US 736; 68 S Ct 1252; 92 L Ed 1690 (1948).

[12] *United States v Gregorio,* 497 F2d 1253, 1258 (CA 4, 1974).

does not matter. Time and again this court has said that *justice must not only be done but must manifestly be seen to be done." Rex v Bodmin Justices ex parte McEwen,* [1947] KB 321, 325; [1947] 1 All Eng Rep 109 (emphasis supplied).

One has only to imagine a defendant sitting in the courtroom while his attorney, probably appointed by the state, and the judge are discussing his fate behind closed doors to see how easily the defendant's predictable dissatisfaction with the fairness of his sentence will become dissatisfaction with the fairness of the system.

Of comparable importance to the defendant's perception of fair treatment is society's perception that the process by which it deprives certain of its members of their liberty is fair, just and reliable:

"Against the practical ease of administration associated with informality must be weighed the ceremonial value of solemn formality and procedural regularity as indices of society's commitment to the principle that liberty and life ought not to be taken away cheaply or carelessly. Although it may be burdensome to society and, in rare cases, even disadvantageous to the defendant to allow him and his counsel to participate actively in the sentencing proceeding, recognition of their right to do so, whatever other justifications it may have, signifies a way of dealing with individuals which is fundamental to a free society."[13]

## III

A majority of the Court, however, is of the opinion that this defendant was not prejudiced by his absence from the sentence conference. There has been no showing, on this record, that what transpired at the conference was objectionable in

[13] Note, *Procedural Due Process at Judicial Sentencing for Felony,* 81 Harv L Rev 821, 832 (1968).

any fashion. Accordingly, while the foregoing statements in this opinion reveal some of our concerns regarding the issue of a defendant's right to be present at such a conference, we decline at this time to require, as a matter of policy, that an accused be present upon request at this conference.

In light of our concerns, however, we are considering the adoption of a rule governing this area. A proposed rule is set forth in the appendix to this opinion. The proposal will be published for comment prior to our further consideration of it.

We have also examined the defendant's claims that his absence from the sentence conference violated his constitutional rights. We find those contentions to have no merit.

The motion for leave to file a supplemental brief is denied.

The decision of the Court of Appeals is affirmed.

KAVANAGH, FITZGERALD, and BLAIR MOODY, JR., JJ., concurred.

COLEMAN, C.J., and RYAN, J. We concur in the Court's conclusion that the defendant was not prejudiced by his absence from the sentence conference.

## APPENDIX

IN THE MATTER OF THE PROPOSED AMENDMENT OF GCR 1963, 785.8.

RULE 785. CRIMINAL PROCEDURE.

.1—.7 (Unchanged.)

.8 Sentencing.

(1) Sentence Conferences. A defendant has the right to be present at any conference between the

court and the defendant's lawyer regarding the sentence to be imposed. This right shall be afforded unless the defendant affirmatively waives the right either on the record or in writing.

(2) Sentence Proceedings. Before sentence is imposed, the court shall

(a) give defendant and his lawyer a reasonable opportunity to advise the court of any circumstances they believe the court should consider in imposing sentence; and

(b) state the minimum and maximum sentence imposed by the court, together with any credit for time served to which the defendant may be entitled.

(3) Absence of Defendant's Lawyer. Sentence may not be imposed in the absence of the defendant's lawyer unless the defendant affirmatively waives the lawyer's presence.

(4) Failure to Comply With Rule. The provisions of subrule 785.8 are mandatory and failure to comply shall require resentencing.

.9—.13 (Unchanged.)

WILLIAMS, J. *(concurring in part; dissenting in part).* With my colleagues' determination to consider a court rule to guarantee defendants' right to be personally present at every stage of the trial where their substantial rights may be affected, including in-chambers conferences with the judge, I am in full concurrence.

However, I respectfully differ with my colleagues' finding that the defendant in this case was not deprived of constitutional due process. I believe he was and would have reversed the decision of the Court of Appeals and remanded for resentencing.

In *People v Medcoff,* 344 Mich 108; 73 NW2d 537

(1955), this Court found that defendant's absence during an examination by the trial court into possible misconduct by jurors constituted reversible error.[1] The right of the defendant "to be present at all stages of the trial where his substantial rights might be affected" was found to be as fundamental as the right to trial by an impartial jury.[2] The Court recognized that under *Snyder v Massachusetts,* 291 US 97; 54 S Ct 330; 78 L Ed 674 (1934), the Due Process Clause provides defendants

"the right to be personally present at every stage of the trial where their substantial rights may be affected by the proceedings and where their presence relates to the fullness of their opportunity to defend against the charge."[3]

Although the examination of the jurors at issue in *Medcoff* occurred during the trial, the Court observed that

"when considering what is the 'trial' for purposes of this question [defendant's right to be present] we can exclude formal and preliminary matters *or matters occurring after the hearing on the merits or rendition of the verdict,* as well as other matters." (Emphasis supplied.)

Relying on this dictum,[4] the prosecutor maintains

---

[1] One part of *Medcoff's* holding, that prejudice is conclusively presumed to have resulted from defendant's absence, was rejected in *People v Morgan,* 400 Mich 527, 536; 255 NW2d 603 (1977), in favor of the standard of "any reasonable possibility of prejudice".

[2] *Medcoff, supra.*

[3] *Medcoff, supra,* p 115. See also *Faretta v California,* 422 US 806, 819, fn 15; 95 S Ct 2525; 45 L Ed 2d 562 (1975):

"It is now accepted * * * that an accused has a right to be present at all stages of the trial where his absence might frustrate the fairness of the proceedings, *Snyder v Massachusetts* * * *."

[4] The prosecution also relies on *People v Ormsby,* 48 Mich 494; 12

that a defendant's right to be personally present ends with the trial, and thus that the right to be present depends on the chronological stage of the proceeding rather than on the substantive nature of the inquiry.

A right as fundamental as the right to be personally present is not subject to such formalistic confinement.

A proper analysis of when a defendant has the right to be present should depend on the character of the proceeding and whether the reasons supporting a defendant's right to be present at trial are equally applicable to that proceeding. Of particular concern are whether substantial interests of the defendant may be affected, and whether the defendant's presence bears a reasonably substantial relation to his opportunity to affect the reliability or fairness of the judicial process being exerted upon him.

LEVIN, J., concurred with WILLIAMS, J.

NW 671 (1882), and *People v Boyd,* 49 Mich App 388; 212 NW2d 333 (1973). *Ormsby* held that a defendant has no right to be present when the court hears a motion for new trial on the ground that the verdict was contrary to the evidence, analogizing that proceeding to review by an appellate court. The nature of the inquiry in *Ormsby, i.e.,* an analysis of the legal sufficiency of evidence adduced at trial, is factually distinguishable from the present case where new evidence was received and evaluated to reach the initial determination of the proper sentence. *Boyd* involved a pretrial suppression hearing and, rather than supporting the prosecutor's position, apparently concluded that the defendant had the right to be present. *Boyd's* further conclusion that the right was waivable was conditioned upon a finding of no prejudice from the defendant's absence, a finding that cannot be made on this record.