### PEOPLE v MADSEN

Docket No. 52810. Submitted September 14, 1981, at Grand Rapids.—
  Decided October 19, 1981.

  Russell P. Madsen was convicted, on his plea of guilty, of misap-
  propriation of funds, Delta Circuit Court, Clair J. Hoehn, J.
  Defendant appeals, alleging that the trial court erred in con-
  ducting an in-chambers sentencing conference at which the
  defendant was not present. *Held:*

    Holding a presentence conference of defense counsel, the
  prosecutor and the sentencing judge, in the absence of the
  defendant, did not result in reversible error where the record
  reveals no prejudice to the defendant.

    Affirmed.

CRIMINAL LAW — SENTENCING — PRESENTENCING CONFERENCE.

  A defendant's absence from a presentencing conference held by
  defense counsel, the prosecutor and the sentencing judge does
  not result in reversible error where the record reveals no
  prejudice to the defendants.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Steven L. Pence,*
Prosecuting Attorney, and *Mary C. Smith,* Assis-
tant Attorney General, for the people.

*Derrick A. Carter,* Assistant State Appellate
Defender, for defendant on appeal.

Before: R. B. BURNS, P.J., and T. M. BURNS and
ALLEN, JJ.

PER CURIAM. On September 17, 1979, defendant
pled guilty to the offense of misappropriation of
funds, MCL 750.279; MSA 28.490. At the plea

REFERENCES FOR POINTS IN HEADNOTE
[1] 21A Am Jur 2d, Criminal Law § 922.
  62 Am Jur 2d, Pretrial Conference § 6.

taking, the defendant, an insurance agent by profession, admitted he did not turn over the money he received to the insuring company he represented. He was advised by the trial court as follows:

"We will meet in my office and your attorney will represent you and the Department of Corrections will be there and the prosecuting attorney's office will be represented. There I will read the presentence report and discuss the matter with the interested parties and —to attempt to arrive at what sentence to be imposed.

"Now, if you have any input you want to make into that sentencing procedure, you can send me a letter or you can tell your attorney and he can bring anything you want to say over and above what's in your corrections report to the court and if you wish to say anything you may come in and tell me—make any statements you wish to make."

Sentenced December 4, 1979, to serve two to four years in prison, he appeals of right claiming error because he was not present in the judge's chambers when his counsel, the prosecutor, and the trial judge discussed sentencing.

In some 17 published and unpublished opinions, the overwhelming majority of this Court have declined to find error where defendant was not present but was represented by counsel at a presentencing conference with the trial judge. *People v Gasco,* 104 Mich App 594, 595; 305 NW2d 552 (1981). Among the cases finding no error was *People v Pulley,* (Docket No. 78-2410, decided January 23, 1979 [unreported]). Leave to appeal was granted by the Supreme Court, 407 Mich 946 (1979).

On August 24, 1981, subsequent to the filing of briefs in the instant case, the Supreme Court released its opinion in *Pulley,* five Justices affirming on grounds that defendant was not prejudiced

by his absence from the sentencing conference.[1] Accordingly, a majority of five declined to find that, as a matter of policy, an accused must be present upon request at such a conference. *People v Pulley,* 411 Mich 523; 309 NW2d 170 (1981). However, five Justices felt that because proceedings which are secret to the defendant, whether fair or not in fact, are perceived by defendant as being unfair, the Court should and would consider a rule requiring defendant's presence at a presentence conference with the trial court. A proposed amendment to GCR 1963, 785.8 was set forth in the appendix of the opinion. Two Justices concurred with the determination to consider adoption of a court rule, but held that absence from a sentence conference was in itself a violation of defendant's constitutional rights.

Since nothing in the record in the instant case discloses that defendant was prejudiced, *Pulley* commands that we find no error.[2]

Affirmed.

[1] "There has been no showing, on this record, that what transpired at the conference was objectionable in any fashion. Accordingly, while the foregoing statements in this opinion reveal some of our concerns regarding the issue of a defendant's right to be present at such a conference, we decline at this time to require, as a matter of policy, that an accused be present upon request at this conference." *Pulley, supra,* 531-532.

[2] At oral argument, the prosecutor vigorously argued that defendant was present at the conference. Though the record suggests defendant may have been present, we need not reach that issue, since under *Pulley* no prejudice to defendant appears of record.