PEOPLE v RAYNES

Docket No. 52255. Submitted June 4, 1981, at Grand Rapids.—Decided December 1, 1981.

Richard M. Raynes was convicted in 1975 of unarmed robbery and sentenced to 4 to 15 years imprisonment. He petitioned for and was granted a new trial and in 1978 he was again convicted of the same offense. He was sentenced to three years probation with the first six months to be spent in the county jail. After his release from the county jail he violated the terms of his probation and was sentenced, in 1979, to a prison term of 10 to 15 years on the original charge with credit for 1,499 days served, Kalamazoo Circuit Court, Robert L. Borsos, J. Defendant appeals, by leave granted, from the unarmed robbery conviction, alleging, *inter alia,* that upon the retrial he was sentenced without consideration of his previous incarceration for the same offense. *Held:*

1. The sentence of 1978 was invalid because, by not crediting the defendant with time already served, the imposition of the six-month jail term and the three-year probation enhanced the original minimum time of incarceration and increased the potential for a more severe sentence. At that time there was no information to justify augmentation of the defendant's sentence.

2. The sentence of 1979 was invalid because of the statutory mandate to allow full credit for time served against both minimum and maximum sentence.

Remanded for resentencing.

1. CRIMINAL LAW — SENTENCING — RETRIAL.

A judge may not impose a higher sentence upon the retrial of a defendant than that imposed after the first trial unless he states on the record the factors occurring after the defendant's

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 314.

[2] 21 Am Jur 2d, Criminal Law §§ 525 *et seq.,* 606-608.
Length of sentence as violation of constitutional provision prohibiting cruel and unusual punishment. 33 ALR3d 335.

[3] 21 Am Jur 2d, Criminal Law § 547.

original sentence upon which he bases his decision for an increased sentence.

2. CRIMINAL LAW — SENTENCING.

A court must look to the maximum imprisonment which a defendant may be required to serve in determining the severity of the sentence.

3. CRIMINAL LAW — SENTENCING — CREDIT FOR TIME SERVED.

A trial court, in imposing a sentence upon a conviction based upon facts arising out of an earlier void conviction, must specifically grant credit and reduce the statutory maximum sentence by the amount of time already served by the defendant on the sentence imposed for the prior erroneous conviction (MCL 769.11a; MSA 28.1083[1]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *James A. Christopherson,* Assistant Prosecuting Attorney, for the people.

Richard M. Raynes, *in propria persona.*

Before: R. B. BURNS, P.J., and ALLEN and T. GILLESPIE,* JJ.

PER CURIAM. Richard Michael Raynes, the appellant, was 16 years of age on January 21, 1975, when he went with another young man, Brian Wallace, to the home of Clair Griffith, an elderly man, to rob him. Raynes and Wallace beat Griffith to the point of insensibility and injured him so severely that he became a "vegetable", in the words of the trial judge. Raynes was arrested the day after the robbery. On March 10, 1975, the prosecutor filed a petition for waiver proceedings to circuit court which, after hearing, was granted by the probate judge. Raynes was tried in circuit court before a jury and convicted of unarmed

* Circuit judge, sitting on the Court of Appeals by assignment.

robbery on December 19, 1975, and sentenced to a prison term of 4 to 15 years with credit for 359 days spent in jail.

It appears that the defendant is unusually intelligent as well as persistent. He petitioned the trial judge for a new trial in 1977 on the ground that the judge had erred at his trial in denying a request for instruction on the lesser included offense of attempted unarmed robbery. The court granted the motion and he was again tried for the same offense and again convicted by a jury and sentenced in August, 1978. This time the judge sentenced him to three years probation with the first six months in the county jail. Upon his release from the county jail he violated his probation by going to Florida without permission, being arrested for DUIL, obtaining a Florida driver's license under an assumed name and failing to report to his probation agent for three months.

When again brought before the court on July 3, 1979, the court sentenced him to a term of 10 to 15 years in prison on the original charge with credit for 1,499 days served. He has filed two applications for delayed appeal which were granted by this court. The first was an appeal from the proceedings regarding the probation violation and this is an appeal from the underlying conviction for unarmed robbery.

In choosing this route, he is procedurally correct as the underlying conviction cannot be reviewed in an appeal from probation revocation proceedings. *People v Pickett,* 391 Mich 305, 316; 215 NW2d 695 (1974).

This appeal encompasses 13 claimed issues, the first 11 of which, while somewhat novel, resulted in no manifest injustice or prejudice to the defendant and are questions which are adequately cov-

ered by other appellate decisions which dispose of defendant's objections.

The defendant's twelfth issue, that he was given an entirely new sentence after a second trial without consideration of his previous incarceration on the same offense, is more troubling.

After serving nearly four years (three years and seven months) on his original sentence of 4 to 15 years in prison, the defendant won a new trial. After a second conviction on the same charge the trial judge sentenced him to three years probation, the first six months to be served in the county jail. After successfully completing his six months, the defendant became involved in the probation violations. The judge then sentenced him to 10 to 15 years on the original charge.

To analyze this issue, we must first look to *People v Payne,* 386 Mich 84; 191 NW2d 375 (1971), *rev'd on other grounds Michigan v Payne,* 412 US 47; 93 S Ct 1966; 36 L Ed 2d 736 (1973),[1] and *People v Carson,* 87 Mich App 163; 274 NW2d 3 (1978). These cases interpret the case of *North Carolina v Pearce,* 395 US 711; 89 S Ct 2072; 23 L Ed 2d 656 (1969). The rule that evolves is that a judge may not impose a higher sentence upon the retrial of a defendant than that imposed after the first trial unless he states on the record the factors occurring after defendant's original sentence upon which he bases his decision for an increased sentence. This rule applies whether or not the increased sentence is imposed by a judge different than the one who imposed the original sentence.

In Raynes' case, the trial judge sentenced the

---

[1] The United States Supreme Court reversed *Payne* on the retroactivity question, holding that *North Carolina v Pearce,* 395 US 711; 89 S Ct 2072; 23 L Ed 2d 656 (1969), was not to be given retroactive application. The Court declined to address any of the other sentencing questions involved in the case.

defendant to three years probation, the first 180 days in the county jail. The court did not consider the 1,319 days the defendant had already spent in prison. Had the court at the conclusion of the second trial for unarmed robbery resentenced Raynes to 4 to 15 years, as in his original sentence, he would have looked forward to almost immediate release.

Superficially, a sentence of three years probation with six months in the county jail appears to be a lesser sentence than 4 to 15 years. However, with credit for time served and good time credit in prison, it was actually an enhanced minimum time of over one year. (A 4-year sentence less good time is 1,054 days. The defendant had already served 1,319 days and was sentenced to 180 more.) More serious, the probation sentence increased the potential for a more severe sentence, which is what happened. To determine the severity of a sentence the court must look to the maximum imprisonment which the defendant may be required to serve. *United States v Barash,* 428 F2d 328 (CA 2, 1970), *United States v Mathis,* 579 F2d 415 (CA 7, 1978). At the time of the second sentence in August, 1978, there appeared no information which would justify augmentation of defendant's sentence; therefore, under the case law it was not a valid sentence. *People v Carson, supra,* 170.

The statute involved is MCL 769.11a; MSA 28.1083(1), which reads:

"Sec. 11a. Whenever any person has been heretofore or hereafter convicted of any crime within this state and has served any time upon a void sentence, the trial court, in imposing sentence upon conviction or acceptance of a plea of guilty based upon facts arising out of the earlier void conviction, shall in imposing the sentence specifically grant or allow the defendant credit

against and by *reduction of the statutory maximum by the time already served* by such defendant on the sentence imposed for the prior erroneous conviction. Failure of the corrections commission to carry out the terms of said sentence shall be cause for the issuance of a writ of habeas corpus to have the prisoner brought before the court for the taking of such further action as the court may again determine." (Emphasis added.)

The above quoted statute clearly reduces the maximum sentence that the trial judge could have imposed by the amount of the credit. *People v Poole,* 7 Mich App 237, 244; 151 NW2d 365 (1967). It would also reduce the minimum to two-thirds of the maximum under the policy rule of *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972). See also *People v Stanley Robinson,* 99 Mich App 623; 299 NW2d 13 (1980), to the effect that full credit must be given for all incarceration including that served after probation violation.

Our conclusion makes necessary a remand for determination of sentence by the trial judge on the basis that neither the sentence of August, 1978, nor that of July, 1979, were valid and that full credit must be given to defendant for all time served against both the minimum and maximum sentence.

We also believe that the defendant's thirteenth issue has merit in light of *People v Pulley,* 411 Mich 523; 309 NW2d 170 (1981). However, in light of our prior conclusion it is not necessary to discuss this issue.

Remanded for resentencing.