PEOPLE v EDWARDS

Docket No. 150752. Submitted August 11, 1994, at Lansing. Decided
    September 7, 1994, at 9:20 A.M. Leave to appeal sought.

    Sharon Edwards was convicted by a jury in the Genesee Circuit
    Court, Judith A. Fullerton, J., of second-degree child abuse and
    was sentenced to two to four years in prison. The defendant
    appealed.

    The Court of Appeals *held:*

    The trial court, in giving a jury instruction regarding reck-
    lessness, erred in using the defendant's conduct itself as an
    example of a reckless act. The use of such an example made a
    determination regarding an element of the charged offense of
    first-degree child abuse, and removed the element of reckless-
    ness from the jury's consideration. The failure to permit the
    jury to make the critical determination regarding whether the
    defendant's conduct constituted a reckless act requires reversal
    and a new trial.

    Reversed and remanded.

1. TRIAL — JURY INSTRUCTIONS — EXAMPLES.

    It is error for a trial court in instructing a jury regarding the
    elements of second-degree child abuse to remove the element of
    recklessness from the jury's consideration by using the defen-
    dant's conduct itself as an example of a reckless act where the
    only contested issue in the case is the element of recklessness
    (MCL 750.136b[3]; MSA 28.331[2][3]).

2. TRIAL — JURY INSTRUCTIONS — EXAMPLES.

    A trial court instructing a jury may give an example in order to
    clarify the meaning of a complex legal term but must indicate
    clearly that the example is only an example and that the jury
    must determine guilt or innocence by following the jury in-
    structions as a whole.

REFERENCES

Am Jur 2d, Evidence § 865; Trial §§ 1135, 1137, 1245, 1448.
When is hearsay statement an "excited utterance" admissible un-
    der Rule 803 (2) of the Federal Rules of Evidence. 48 ALR Fed
    451.

3. Evidence — Hearsay — Excited Utterances.

> The admissibility of a statement under the excited utterance exception to the hearsay rule is governed by a two-step test for determining whether the declarant had time to contrive or misrepresent: whether the interval between the event and the statement was long enough to make fabrication possible and whether the declarant's emotional state at the time permitted fabrication (MRE 803[2]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Arthur A. Busch,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Research, Training, and Appeals, and *Morris R. Kent,* Assistant Prosecuting Attorney, for the people.

*Roger A. Lange,* for the defendant.

Before: Fitzgerald, P.J., and Brennan and J. M. Batzer,* JJ.

Per Curiam. Following a jury trial, defendant was convicted of second-degree child abuse, MCL 750.136b(3); MSA 28.331(2)(3), and was sentenced to a prison term of two to four years. Defendant appeals as of right. We reverse and remand for a new trial.

Defendant was charged with first-degree child abuse after her daughter received second-degree burns over thirty-three percent of her body as a result of contact with boiling hot water. Although there is a dispute over the manner in which the child came into contact with the water, there is no dispute that defendant left a bucket of boiling hot water on a floor in a location easily accessible to her children.[1] The prosecution's theory was that defendant threw the water at the child. The de-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The hot water heater in defendant's home was broken, and defendant had to boil water to use for bathing and cleaning.

fense theory was that defendant, who is deaf, was drawing a bath for the children and did not see how the child came into contact with the water.

In instructing the jury on the elements of second-degree child abuse, the trial court stated:

> Second, that the defendant did some reckless act. In this act, for example, leaving a large pail of scalding hot water in a bucket on the floor of a room easily accessible to small children.

Although the defendant did not object to this instruction, the instruction regarding recklessness was error that requires reversal. Defendant admitted leaving the bucket of water on the floor. The trial court told the jury in this instruction that it was reckless to leave a bucket of hot water on the floor in the presence of children. The instruction removed the element of recklessness from the jury's consideration. The failure to permit the jury to make the critical determination regarding whether defendant's conduct constituted a reckless act requires reversal and a new trial. See, e.g., *People v Allensworth*, 401 Mich 67, 71; 257 NW2d 81 (1977).

The prosecution argues that the trial court merely gave an example of a reckless act in an effort to "clarify the meaning of a complex legal term." *People v Shepherd*, 63 Mich App 316; 234 NW2d 502 (1975). While acknowledging that examples may be useful for this purpose, however, the *Shepherd* Court cautioned:

> [T]he jury is likely to give undue weight to examples, since they are easier to comprehend, and it may simply compare the defendant's conduct with the example. To prevent these adverse effects, the trial judge must clearly indicate that the examples are *only* examples, and that the jury

must determine guilt or innocence by following
the jury instructions as a whole. [*Id.* at 322.]

In this case, the trial court used defendant's
conduct itself as an example of a reckless act. The
court exceeded the danger contemplated in *Shepherd* that the jury might simply compare the
defendant's conduct with the example. Rather, the
court's "example" made a determination regarding
one of the elements of the charged offense.

The error cannot be deemed harmless in this
case. The jury's rejection of the charge of first-degree child abuse reveals that the jury did not
find beyond a reasonable doubt that defendant
threw the water at the child. Given defendant's
admission that she left the bucket of water on the
floor, the only contested issue was whether placing
a bucket of hot water on the floor constitutes a
reckless act.

For purposes of avoiding possible error on retrial, we turn to defendant's allegation that the
trial court improperly excluded as hearsay the
victim's statements made to others. We first note
that defendant failed to characterize the statements at trial as excited utterances, and it is
unclear from the record whether the trial court
ruled with regard to the question whether the
statements were excited utterances. On retrial,
should defendant attempt to admit the statements
as excited utterances under MRE 803(2), admissibility is governed by a two-step test for determining whether the declarant had time to contrive or
misrepresent; that is, whether the interval between the event and the statement was long
enough to make fabrication possible and whether
the declarant's emotional state at the time permitted it. *People v Carson,* 87 Mich App 163, 168; 274
NW2d 3 (1978).

Reversed and remanded for a new trial.